UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | |
| | : | Civil Action No. |
| Plaintiff | : | 3:03 CV 0873 (RNC) |
| v. | : | |
| | : | |
| VERIZON WIRELESS SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | NOVEMBER 20, 2003 |

**VERIZON'S MEMORANDUM OF LAW IN SUPPORT**
**OF CONSENTED TO MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42(a), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), through its undersigned counsel, submits this memorandum of law in support of its motion to consolidate with this present action, the actions captioned *John Harrison v. Ford Motor Credit Company*, Civil Action No. 3:03-cv-01291-DJS (the "Ford Action"), and *John Harrison v. Navy Federal Credit Union*, Civil Action No. 3:03-cv-01660-JCH (the "Navy Federal Action"), both of which are also pending before the United States District Court for the District of Connecticut.

**I.      INTRODUCTION**

In each of the three actions that Verizon seeks to consolidate, John Harrison ("Plaintiff" or "Harrison") asserts identical claims against each of the defendants named therein and seeks damages from each defendant for the very same injuries. Indeed, in each case, Plaintiff claims "his good name and excellent credit reputation . . . were ruined . . ." *See Amended Complaint*,

**ORAL ARGUMENT NOT REQUESTED**

Aug. 4, 2003, ¶ 2;[1] *Ford Action Complaint*, July 25, 2003, ¶2 (attached hereto as **Exhibit A**); *Navy Federal Action Complaint*, Sept. 29, 2003, ¶ 2 (attached hereto as **Exhibit B**).  However, in each case, Plaintiff alleges only that his damages were caused by the negligence or "willful and malicious defamatory acts" of the particular defendant named therein and makes no mention of the acts of the defendants named in the other actions as having caused and/or contributed to his purported damages.  As the contradictory allegations regarding liability and damages asserted by Plaintiff in each action clearly demonstrate, the facts necessary for a determination of liability and damages in this action, the Ford Action and the Navy Federal Action are inextricably intertwined.

Moreover, common issues of law exist by reason of the fact that both Verizon and Ford have filed motions to dismiss in their respective cases raising virtually identical issues of law not yet clearly settled in this Circuit.  Upon information and belief, NFCU may also file s a similar motion to dismiss.  Consolidation would allow the efficient adjudication of the legal issues raised in the defendants' motions to dismiss and eliminate the possibility of inconsistent rulings.

Recognizing the common issues of fact and law involved in the subject actions, Plaintiff and the defendants in the other actions have consented to consolidation.  Accordingly, this Court should consolidate the Ford Action and the Navy Federal Action with the present action for all purposes.

---

[1] Unless otherwise noted by the prefix "Ford Action" or "Navy Federal Action," all citations to pleadings shall refer to the pleadings filed in this present action.

II.   **STATEMENT OF RELEVANT FACTS**

   A.   **This Action.**

Plaintiff filed this action on May 16, 2003, originally naming Verizon Wireless, LLC as defendant. Thereafter, on consent, Plaintiff sought to amend his complaint and substitute Cellco Partnership d/b/a Verizon Wireless as the defendant in lieu of Verizon Wireless, LLC. Plaintiff's motion to substitute was granted on August 27, 2003, and the Court ordered that the proposed amended complaint, dated August 4, 2003 (the "Amended Complaint"), be the operative complaint in this matter.

In the Amended Complaint, Plaintiff asserts claims against Verizon for violation of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1861 *et seq.* (First Cause of Action), defamation (Second Cause of Action), intentional infliction of emotional distress (Third Cause of Action) and violation of the Connecticut Unfair Trade Practices Act, ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* (Fourth Cause of Action). All Plaintiff's claims against Verizon are based upon allegations that (1) Verizon failed to employ reasonable procedures to prevent an impostor from obtaining cellular telephone accounts using Plaintiff's name and personal identifiers (*see Amended Complaint*, ¶ 13); Verizon, thereafter, failed to perform a reasonable investigation of Plaintiff's dispute regarding the accounts purportedly obtained by the impostor (*see id.*, ¶¶ 40-43); and (3) Verizon willfully and maliciously provided inaccurate information to various credit reporting agencies and falsely represented the status of Plaintiff's debt (*see id.*, ¶¶ 46-50, 52-55 & 59).

As a result of Verizon's purportedly wrongful conduct, Plaintiff claims: (1) he was denied credit (*see id.,* ¶¶ 33-34, 49 & 63); (2) his existing credit lines were reduced (*see id.*, ¶¶ 35, 37,

49 & 63); (3) checks he had written against his existing but reduced credit lines bounced (*see id.*, ¶ 35); and (4) one of his creditors closed an existing credit account (*see id.*, ¶ 36). Plaintiff further claims that Verizon's conduct caused him "emotional distress, embarrassment, shame, stress, worry, humiliation, and anxiety," and, ultimately, caused him to lose his job. *See id.*, ¶¶ 53-54; *see also Plaintiff's Damages Analysis*, Oct. 31, 2003 (claiming, *inter alia,* lost wages of $38,426.40, out of pocket expenses of $7,222.89 and loss of time damages of $4,725.00) (attached hereto as **Exhibit C**).

On or about July 10, 2003, Verizon filed a motion to dismiss arguing, *inter alia*, that (1) a private consumer may not maintain a cause of action against an alleged "furnisher of information" under Section 1681s-2(b) of the *Federal Fair Credit Reporting Act* ("*FCRA*"), 15 U.S.C. § 1681s-2(b); (2) Plaintiff's state law claims are absolutely preempted under the express language of *FCRA*, 15 U.S.C. § 1681t(b)(1)(F); and (3) Plaintiff's claim for intentional infliction of emotional distress fails as a matter of Connecticut state law. Oral argument on Verizon's motion to dismiss is scheduled for December 12, 2003.

    B.    **The Ford Action.**

The claims asserted by Plaintiff in the Ford Action, which was filed on July 28, 2003, are virtually identical to those he has asserted in the present case. In the Ford Action, as in this action, Plaintiff has asserted claims for violation of the FCRA (First Cause of Action), defamation (Second Cause of Action), intentional infliction of emotional distress (Third Cause of Action) and violation of CUTPA (Fourth Cause of Action). *See Ford Action Complaint*. In the Ford Action, Plaintiff claims that the defendant, Ford Motor Credit Company ("Ford") (1) failed to employ reasonable procedures to prevent an impostor from obtaining credit in Plaintiff's name

(*see id.*, ¶14); (2) failed to perform a reasonable investigation of his dispute regarding the accounts purportedly obtained by the impostor (*see id.*, ¶¶ 27, 46); and maliciously defamed him and caused him emotional distress by providing inaccurate information to various credit reporting agencies and falsely representing the status of his debt (*see id.*, ¶¶ 33, 39, 42 & 46).

The injuries and losses Plaintiff attributes to the actions of Ford are virtually identical to those he claims were caused by Verizon. For instance, in the Ford Action, Plaintiff claims that the denial of credit he experienced was caused by Ford rather than Verizon. *See id.*, ¶¶ 20-22, 29 & 36. Likewise, in the Ford Action Plaintiff alleges that Ford's actions caused his existing creditors to reduce his credit limit. *See id.*, ¶¶ 49. Plaintiff further alleges that Ford caused him to experience emotional distress and to, ultimately, lose his job. *See id.*, ¶¶ 40 & 41. Notwithstanding the fact that the present action was filed over two months prior to the Ford Action, Plaintiff makes no mention of Verizon – which he has alleged caused his damages – in his complaint in the Ford Action.

As Verizon did in this present action, Ford filed a motion to dismiss raising legal issues that are virtually identical to those raised by Verizon in its motion to dismiss. *See Ford Motor Credit Company's Motion to Dismiss & Memorandum of Law in Support of Its Motion to Dismiss*, Oct. 7, 2003 (attached hereto as **Exhibit D**). Upon information and belief, the court has not yet heard oral argument on Ford's motion to dismiss, and said motion remains pending.

C.     **The Navy Federal Action**.

In the Navy Federal Action, which Plaintiff filed on September 30, 2003, Plaintiff has again asserted claims for violation of the FCRA (First Cause of Action), defamation (Second Cause of Action), intentional infliction of emotional distress (Third Cause of Action) and

violation of CUTPA (Fourth Cause of Action), but this time has asserted those claims against Navy Federal Credit Union ("NFCU"). *See Navy Federal Action Complaint*. As with the other actions, in the Navy Federal Action, Plaintiff claims NFCU, rather than Verizon or Ford, (1) failed to employ reasonable procedures to prevent an impostor from obtaining credit in Plaintiff's name (*see id.*, ¶ 12); (2) failed to perform a reasonable investigation of his dispute regarding the accounts purportedly obtained by the impostor (*see id.*, ¶¶ 39-40); and maliciously defamed him and caused him emotional distress by providing inaccurate information to various credit reporting agencies and falsely representing the status of his debt (*see id.*, ¶¶ 47-48, 54 & 60).

In the Navy Federal Action, Plaintiff alleges that the denial of credit he experienced was caused by NFCU – rather than Verizon or Ford – and that NFCU's actions – instead of those of Verizon or Ford – caused his existing creditors to reduce his credit limit. *See id*, ¶¶ 33-36. Additionally, Plaintiff alleges that NFCU caused him to experience emotional distress and to, ultimately, lose his job. *See id*, ¶¶ 54-55. In his complaint in the Navy Federal Action, Plaintiff makes no mention of Verizon or Ford as having caused and/or contributed to his alleged damages.

Upon information and belief, NFCU has not yet filed a pleading in response to Plaintiff's complaint in the Navy Federal Action, but may do so.

### III.  ARGUMENT.

Consolidation of the Ford Action and the Navy Federal Action with this present action is appropriate because the resolution of said actions will involve common issues of fact and law.

Federal Rule of Civil Procedure 42, pursuant to which Verizon seeks consolidation, provides, in pertinent part, as follows:

> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Fed. R. Civ. P.* 42(a) (emphasis in original). "Consolidation of tort actions sharing common questions of law and fact is commonplace." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The determination of whether consolidation is appropriate is a matter left to the sound discretion of the court, weighing all of the relevant factors. *See Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Johnson*, 899 F.2d at 1284. Moreover, "[i]t is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a)." *BD v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citation omitted). Normally, the later filed action or actions are consolidated into the first-filed action. *See L. Civ. R.* 42(a) ("Unless the presiding Judge rules otherwise, where two or more cases are consolidated . . . the parties shall file all pleadings and other papers in the master docket, which shall be the docket of the earliest filed case . . .").

Common issues abound between the present case, the Ford Action and the Navy Federal Action such that consolidation of said actions into the present action for all purposes is appropriate. As set forth in great detail above, Harrison is the sole plaintiff in all three cases, and he has asserted identical claims against each defendant in each case based upon virtually identical factual allegations. In this action, Harrison claims that his purported damages were caused by Verizon and seeks recovery of the entire amount of those claimed damages from Verizon. Yet, in the Ford Action and the Navy Federal Action, Plaintiff asserts that Ford and NFCU, respectively, caused his alleged damages. As a result of Harrison's claim that some

entity other than Verizon caused his purported injuries, the determination of causation and the amount of damages, if any, in this present action will necessarily involve inquiry into the activities of Ford and NFCU.  These common factual issues render consolidation appropriate.

Moreover, Verizon and Ford have filed motions to dismiss Harrison's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2]  These motions to dismiss raise virtually identical issues of law that have not, thus far been clearly resolved in this Circuit.  Therefore, consolidation would promote judicial economy and eliminate any possibility of inconsistent rulings regarding the propriety of the claims Harrison's in each of the actions by allowing one judge to hear and decide the respective motions to dismiss.  Naturally, as all these cases progress toward trial, additional issues of law may arise which are common to all of the subject cases.  Accordingly, consolidation is proper.

## CONCLUSION

As common issues of fact and law exist between this present action and the actions captioned *John Harrison v. Ford Motor Credit Company*, Civil Action No. 3:03-cv-01291-DJS, and *John Harrison v. Navy Federal Credit Union*, Civil Action No. 3:03-cv-01660-JCH, this Court should order the consolidation of said actions with the present action for all purposes.

---

[2] As discussed above, NFCU has not yet filed a responsive pleading to Plaintiff's complaint in the Navy Federal Action.  Obviously, in the event that NFCU moves to dismiss said complaint on grounds similar to those raised by Verizon and Ford, common issues of law will also exist in the Navy Federal Action that will need to be resolved at the motion to dismiss stage.

- 9 -

          **THE DEFENDANT**
          **CELLCO PARTNERSHIP d/b/a**
          **VERIZON WIRELESS**


By_____
  Donald E. Frechette ct08930
  William E. Murray ct19717
  EDWARDS & ANGELL, LLP
  90 State House Square
  Hartford, Connecticut 06103
  (860) 525-5065
  (860) 527-4198 (Fax)

## CERTIFICATION

This is to certify that on this 20th day of November, 2003, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn
Matthew T. Theriault
Sarah Poriss
Consumer Law Group, LLC
2138 Silas Deane Highway
P.O. Box 1039
Rocky Hill, CT 06067-9997

David M. Bizar
Day, Berry & Howard
Cityplace
Hartford, CT 06103-3499

Matthew A. Sokol
Tyler Cooper & Alcorn
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910

                                                          _____
                                                                William E. Murray