UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON<br>  Plaintiff<br>v.<br><br>VERIZON WIRELESS SERVICES, LLC<br>  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER:<br>3:03CV0873(RNC) |
| JOHN HARRISON,<br>  Plaintiff<br>v.<br>NAVY FEDERAL CREDIT UNION<br>  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER:<br>3:03CV1660(RNC) |
| JOHN HARRISON,<br>  Plaintif<br>v.<br>FORD MOTOR CREDIT COMPANY<br>  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER:<br>3:03CV1291(RNC)<br><br><br><br><br><br>JUNE 16, 2004 |

**MOTION TO MODIFY SCHEDULING ORDER**
**PENDING SETTLEMENT CONFERENCE**

  Pursuant to Local Rule of Civil Procedure 7(b), the Plaintiff hereby requests modification of the scheduling orders in the above-captioned matters. In support of this motion, Plaintiff represents the following:

  1.  The Complaint in *John Harrison v. Verizon Wireless Services, LLC* was filed on May 16, 2003. Plaintiff filed two other related matters: *John Harrison v. Ford Motor Credit Company*, U.S. District Court, District of Connecticut, case number 3:03CV1291(RNC), on July 28, 2003; and *John Harrison v. Navy Federal Credit Union*, U.S. District Court, District of Connecticut, case number 3:03CV1660(RNC), on September 30, 2003.

2. The scheduling order in the *Verizon Wireless Services* matter was entered on August 21, 2003; the scheduling order in the *Ford Motor Credit Company* matter was entered on September 12, 2003. No scheduling order was entered in the *Navy Federal Credit Union* matter.

3. On November 21, 2003, Verizon filed a motion to consolidate the three matters pursuant to an agreement among the parties, with the intent to have the Court conduct a joint settlement conference.

4. On January 9, 2004, the *Ford Motor Credit Company* matter was reassigned to the docket of Judge Chatigny, and on January 27, 2004, the *Navy Federal Credit Union* matter was reassigned to the docket of Judge Chatigny. On February 2, 2004, Judge Chatigny referred all three cases to Magistrate Smith for a settlement conference to be conducted on May 11, 2004.

5. Between November 2003 and May 2004, the parties engaged in limited discovery of information necessary to prepare for the settlement conference. The parties agreed that it would be counterproductive to their settlement efforts to engage in the full scope of discovery necessary to prepare for trial, and they agreed to refrain from engaging in further discovery to conserve resources prior to the conference. They further agreed to cooperate in seeking a reasonable extension of the deadlines to conduct discovery should one or more of the cases not be settled at the May 11 settlement conference.

6. Due to a death in the family of lead counsel for the Plaintiff, the Plaintiff requested a postponement of the May 11 settlement conference.

7. The parties have been notified that the settlement conference has been rescheduled for September 1, 2004.

8. Following the cancellation of the settlement conference and the realization that the conference could not be rescheduled with Judge Smith until September, the parties engaged in preliminary settlement discussions. As a result of those discussions, it appears unlikely that the case will settle with respect to all of the defendants, and the parties now wish to undertake the remaining necessary discovery.

9. Good cause exists to grant this motion for the following reasons:

    a.   The parties had reasonably and appropriately refrained from taking discovery in order to maximize the likelihood of settling the case;

    b.   Additional discovery will facilitate the presentation of evidence at trial and reduce the length of the trial, and it will assist the parties in preparing potentially dispositive motions;

    c.   These cases were only recently consolidated together for purposes of trial, and they will benefit from having the same scheduling order.

    d.   Plaintiff's counsel, at this juncture, believe that engaging in additional discovery in the months leading up to the settlement conference would now enhance, rather than reduce, the likelihood of settlement;

    e.   The parties require additional time to prepare for trial if the cases do not settle at the settlement conference.

10.   The prior scheduling order in the *Verizon Wireless Services* matter provided for the following:

    a.   All discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), to be commenced by September 10, 2003 and completed (not propounded) by December 23, 2003;

    b.   Depositions to commence by September 10, 2003 and be completed by January 21, 2004;

    c.   Plaintiff to designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2003. Depositions of any such experts to be completed by November 26, 2003;

    d.   Defendant to designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2003. Depositions of such experts to be completed by December 29, 2003;

    e.   A damages analysis to be provided by any party who has a claim or counterclaim for damages by December 10, 2003;

    f.   Dispositive motions to be filed on or before December 23, 2003;

    g. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases to filed by February 23, 2004;

    h. The case to be ready for trial by March 23, 2004 or thirty (30) days from submission of the joint trial memorandum.

11. The prior scheduling order in the *Ford Motor Credit Company* matter provided for the following:

    a. The Court, Squatrito, J., ordered on August 18, 2003 that the parties commence all discovery immediately.

    b. The Court, Squatrito, J., further ordered all discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), to be completed (not propounded) by April 28, 2004;

    c. Depositions of fact witnesses to commence at any time and to be completed by December 1, 2003;

    d. Discovery, including all discovery relating to expert witnesses to be completed by April 28, 2004;

    e. Reports from Plaintiff's experts to be due by January 28, 2004 and depositions of plaintiff's experts to be completed by February 27, 2004;

    f. Reports from Defendant's experts to be completed by March 29, 2004 and depositions of Defendant's experts shall be completed by April 28, 2004;

    g. Dispositive motions, if any, to be filed by May 28, 2004;

    h. Joint Trial Memorandum to be filed by June 28, 2004.

12. No scheduling order entered in the *Navy Federal Credit Union* matter.

13. The Plaintiff therefore requests a modification of the existing discovery deadlines as follows:

    a. All written discovery to be completed (not propounded) by December 10, 2004;

    b. All depositions of fact and expert witnesses to be completed by December 23, 2004;

  c. Damages analysis to be submitted within 14 days after the entry of a revised scheduling order or no later than July 30, 2004.

  d. Dispositive motions will be filed on or before January 28, 2005.

  e. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 28, 2005.

  f. The case will be ready for trial by March 28, 2005 or thirty (30) days from submission of the joint trial memorandum

 14. Plaintiff has inquired of counsel for the Defendants who have declined to state whether or not they support this motion. Instead, Defendants have indicated they will submit their own proposed scheduling order that seeks extensions of time that are greater than those sought by Plaintiff.

 15. Plaintiff believes the parties should be able to complete discovery and file dispositive motions within the proposed time frame, with leave for Defendants to seek additional time should that become necessary.

 16. This is the first motion to modify the scheduling order in the *Verizon Wireless Services* and *Ford Motor Credit Company* matters.

 17. The parties in the *Navy Federal Credit Union* matter have previously moved for an extension of time to file the 26(f) report until two weeks following the date of the settlement conference. That motion was granted on February 10, 2004 (Chatigny, J.).

PLAINTIFF, John Harrison

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Sarah Poriss, ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039   2138 Silas Deane Highway
Rocky Hill, CT  06067-0997
Tel (860) 571-0408  Fax (860) 571-7457
Fed Bar No. ct02188

 -and-

Christopher E. Kittell, Esquire, ct25069
Webster Gresham & Kittell
144 Sunflower Avenue  P. O. Drawer 760
Clarksdale, MS 38614-0760
Telephone: (662) 624-5408
Facsimile:  (662) 627-5530

**CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing Motion was mailed, via first class mail, postage prepaid, this ___ day of June, 2004.

| | |
|---|---|
| Christopher E. Kittell, Esquire<br>Webster Gresham & Kittell<br>144 Sunflower Avenue  P. O. Drawer 760<br>Clarksdale, MS 38614-0760 | Donald E. Frechette, Esquire<br>William Murray, Esquire<br>Edwards & Angell, LLP<br>90 State House Square<br>Hartford, CT  06103 |
| Robert Allen, Esquire<br>Matthew Sokol, Esquire<br>Tyler, Cooper & Alcorn, LLP<br>205 Church Street    P.O. Box 1936<br>New Haven, CT  06590-1910 | David Bizar, Esquire<br>Mark M. Porto, Esquire<br>Day Berry & Howard LLP<br>CityPlace I<br>Hartford, CT 06103-3499 |

                                                          _____
                                                          Sarah Poriss