## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | |
| | : | Civil Action No. |
| Plaintiff | : | 3:03 CV 0873 (RNC) |
| v. | : | |
| | : | |
| VERIZON WIRELESS SERVICES, LLC., | : | |
| | : | |
| Defendant. | : | JUNE 22, 2004 |

## VERIZON WIRELESS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* **12(b)(6)**

Pursuant to *Fed. R. Civ. P.* 12(b)(6), defendant, Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon Wireless"),[1] through its undersigned counsel, hereby moves to dismiss the May 13, 2003 complaint (the "Complaint") filed by plaintiff John Harrison ("Plaintiff") in its entirety because it fails to state a claim upon which relief may be granted.

---

[1] As clarified in Defendant's Corporate Disclosure Statement, submitted herewith, Defendant's correct title is "Cellco Partnership d/b/a Verizon Wireless." To the extent Plaintiff incorrectly identifies Verizon Wireless Services, LLC as the defendant in this action, Defendant respectfully submits Plaintiff should move to amend the Complaint in accordance with *Fed. R. Civ. P.* 15 within the timeframe provided pursuant to *Fed. R. Civ. P.* 4(m).

HFD_137321_1.DOC/MSTRNISTE

## INTRODUCTION

The Complaint is devoid of any allegations that could form the basis for a recovery, and should, therefore, be dismissed. First, Plaintiff has failed to properly plead a cause of action under the *Fair Credit Reporting Act*, 12 *U.S.C.* §§ 1681, *et seq.* ("*FCRA*"). In particular, Section 1681i(a)(2)(A) of *FCRA* requires that a consumer reporting agency ("CRA") provide notice to any furnisher of credit information whenever such information is assertedly in error. Section 1681i(a)(2)(A) also requires that the CRA provide such notice within five (5) business days after it receives notification from a consumer that the accuracy of the credit information is disputed. *FCRA* Section 1681s-2(b)(1), in turn, then spells out the actions that must be undertaken by a "furnisher of information" in response to the CRA notification. Here, however, Plaintiff has wholly failed to plead that Defendant was *timely* notified by a CRA of any dispute concerning the completeness or accuracy of the credit information allegedly being supplied by Defendant. The Complaint is, therefore, defective on its face and should be dismissed.

Secondly, Plaintiff's state law claims, including Counts Two (defamation), Three (intentional infliction of emotional distress) and Four (*Connecticut Unfair Trade Practices Act, C.G.S.* §§ 42-110a *et seq.* ("*CUTPA*")), are absolutely preempted under the express language of *FCRA* Section 1681t(b)(1)(F), which section specifically bars state law causes of action against alleged "furnishers of information" based on conduct regulated by *FCRA* Section 1681s-2(b). Here, Plaintiff's *FCRA* claim is founded *solely* on allegations relating to Verizon Wireless'

purported failure to fulfill its "furnisher of information" responsibilities under *FCRA* Section 1681s-2(b).  Because Plaintiff's state law claims are, in turn, based on the identical facts underpinning his *FCRA* claim, those state law counts are preempted pursuant to *FCRA* Section 1681t(b)(1)(F).

Lastly, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of Connecticut state law, and is thus also properly dismissed.  On its face, the conduct complained of simply cannot be said to rise to the level of outrageousness necessary to support the claim.

## FACTS AND PROCEDURAL HISTORY

Plaintiff's *FCRA* claims, set forth in Count One of the Complaint, are based solely on allegations that Verizon Wireless failed to properly investigate his complaints that certain customer accounts established in his name (the "Accounts") had, in actuality, been purportedly opened by an impostor.  *See Complaint*, ¶¶ 40-42.  Specifically, he avers Verizon Wireless, a purported "furnisher of information" pursuant to *FCRA* Section 1681s-2(b), failed to properly investigate the circumstances surrounding the opening of the Accounts and failed to correct any errors that should have thereby been discovered, all after receiving notice from Plaintiff and certain CRAs[2] that Plaintiff disputed the Accounts' validity.  *See Compaint*, ¶¶ 41-42.

---

[2] The CRAs involved in this matter purportedly include Experian, Trans Union and Equifax.  *See Complaint*, ¶ 14.  The Complaint, however, only refers (and then, only on information and belief) to CRA notification of Verizon Wireless by Experian.  *Id.*, ¶ 20.

The next three counts of the Complaint consist of state law causes of action. In particular, Count Two purports to set forth a state law defamation claim based on allegations that Verizon Wireless furnished "inaccurate account information regarding the fraud accounts to [CRAs]" which, Plaintiff contends, led "potential" creditors to deny him credit. *Id.*, ¶¶ 47, 49. Count Three asserts that the same conduct which allegedly establishes Defendant's *FCRA* violations also gives rise to a claim for intentional infliction of emotional distress. *See Complaint*, ¶ 55. Finally, Plaintiff's fourth cause of action alleges a violation of *CUTPA* based on Defendant's claimed violation of the *Creditors Collection Practices Act*, *C.G.S.* §§ 36a-645, *et seq.* ("*CCPA*"), and its implementing regulations. *See Complaint*, ¶ 59. Again, as an examination of the Complaint quickly reveals, the factual allegations which purportedly support Defendant's violation of *CCPA* (and which, consequently, form the basis for Plaintiff's *CUTPA* claim) are ***identical*** to the allegations underpinning Plaintiff's *FCRA* claim. *Id.*

The Complaint should be dismissed in its entirety. As a threshold matter, Plaintiff has failed to plead facts sufficient to establish a *FCRA* violation. Moreover, all of Plaintiff's state law claims are preempted pursuant to *FCRA* Section 1681t(b)(1)(F). Finally, Plaintiff's intentional infliction claim fails as a matter of Connecticut law.

## LAW AND ARGUMENT

I.  **Standard of Review on Motion to Dismiss Pursuant to Rule 12(b)(6)**

In considering a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), a court must accept the complaint's allegations as true. *Wilson-Coker v. Thompson*, 222 F.Supp.2d 190, 195 (D.Conn. 2002). The court may consider only those facts alleged in the pleadings, documents attached thereto as exhibits or incorporated by reference, and matters of which judicial notice may be taken. *Thompson*, 222 F.Supp.2d at 195 (citing *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)). However, while the court must draw all inferences in the plaintiff's favor, a motion to dismiss under Rule 12(b)(6) should be granted where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Wilson-Coker, supra*; *see also Hasvold v. First U.S. Bank, N.A.*, 194 F.Supp.2d 1228 (D.Wyo. 2002).

Additionally, although the court takes as true all well-pled allegations, "Rule 12(b)(6) does not permit the substitution of conclusory statements for minimally sufficient factual allegations." *Whitaker v. Haynes Constr. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citing *Furlong v. Long Island Coll. Hosp.*, 710 F.2d 922, 927 (2d Cir. 1983)). Indeed, "[t]he function of a motion to dismiss is . . . to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002) (citing *Mytych v. May Dep't Stores Co.*, 34 F.Supp.2d

130, 131 (D.Conn. 1999) (quoting *Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)).

II. **Plaintiff's *FCRA* Cause of Action Fails to State a Claim Upon Which Relief May be Granted**.

    A. **Plaintiff Has Not Set Forth Sufficient Facts to Sustain a Claim Under Section 1681s-2(b)**.

Plaintiff has not pled sufficient facts to support a claim that Verizon Wireless violated *FCRA* Section 1681s-2(b). To state a claim under Section 1681s-2(b), a plaintiff must aver that a CRA, acting in accordance with *FCRA* Section 1681i(a)(2), properly notified a "furnisher of information" that a consumer was disputing the accuracy thereof. *See Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 363 (E.D.Pa. 2001); *see also* 15 *U.S.C.* § 1681s-2(b) (reciting duties of a furnisher of information "*after* receiving notice *pursuant to section 1681i(a)(2)*") (emphases added).

*FCRA* Section 1681i(a)(2) is very clear. It requires that a CRA provide notification to a furnisher of information that such information is in dispute "[b]efore the expiration of the 5-business-day period beginning on the date on which the [CRA] receives notice of a dispute from any customer . . . ." Here, the Complaint contains no allegations that Verizon Wireless received notice of a dispute from any CRA within such five-day period. At best, the Complaint contends that, at some point, Verizon Wireless received a CRA notification. *Complaint*, ¶20. The Complaint does not, however, establish *when* such notice was given and whether, if timely

notice was given, it was given **by a CRA**. Plaintiff's *FCRA* claim is thus defective on its face and should, therefore, be dismissed.[3] *See, e.g.*, § 1681s-2(b)(1); *Jaramillo*, 155 F.Supp.2d at 363 (holding that "to state a cause of action under 1681s-2(b) requires a pleading that a *consumer reporting agency* notified a furnisher of a dispute . . . so as to trigger a duty under section 1681s-2(b)") (emphasis added).[4]

### III.   Plaintiff's Defamation Claim Is Preempted.

15 *U.S.C.* § 1681t broadly defines the interrelationship between *FCRA* and state law. In particular, Section 1681t(b)(1)(F) absolutely preempts all state law claims based on matters governed by *FCRA* § 1681s-2 pertaining to "furnishers of information:"

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—

---

[3] 15 *U.S.C.* § 1681t(b)(1)(F), discussed *infra*, is a broadly drafted preemption provision, which precludes states from regulating "any subject matter" governed by specific sections of *FCRA*, including § 1681s-2(b). Plaintiff's Complaint – even though defective in form -- demonstrates that all of his state law claims are predicated on alleged violations of *FCRA*, § 1681s-2(b). Accordingly, even if this Court dismisses Plaintiff's *FCRA* claim, his state law claims are still preempted under Section 1681t(b)(1)(F).

[4] In the event this Court dismisses Plaintiff's *FCRA* claim against Defendant, it should exercise its discretion and dismiss, pursuant to 28 *U.S.C.* § 1367, Plaintiff's state law claims as well. *See* 28 *U.S.C.* § 1367 (providing, in pertinent part, that a district court may decline to exercise supplemental jurisdiction over a pendent state law claim where "the district court has dismissed all claims over which it has original jurisdiction . . ."); *see also Bristout Bourguignon Prisoner v. Guinta*, 247 F.Supp.2d 189, 196 (D.Conn. 2003) (declining to exercise supplemental jurisdiction where summary judgment was granted with respect to all of plaintiff's federal claims); *Dilaura v. Power Auth. of NY*, 982 F.2d 73, 80 (2d Cir. 1992) (finding that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.")

\*        \*        \*

> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to [CRAs] . . .

15 *U.S.C.* § 1681t(b)(1)(F).

Although the District of Connecticut has not opined on the precise meaning of the language of § 1681t(b)(1)(F), other jurisdictions have directly addressed its application to state law causes of action against alleged "furnishers of information."  In *Hasvold v. First USA Bank, N.A.*, 194 F.Supp.2d 1228 (D.Wyo. 2002), the plaintiff instituted suit against the defendant, a national bank, pursuant to *FCRA,* Section 1681s-2.  In addition to her *FCRA* claim, plaintiff's complaint contained claims for defamation and invasion of privacy based on allegations that the defendant furnished false information to a CRA.[5]  In concluding plaintiff's state law claims were preempted pursuant to § 1681t(b)(1)(F), the court reasoned:

> While Congress did not specifically provide in the 1997 [sic] amendments that section 1681t supercedes 1681h, it is clear from the face of section 1681t(b)(1)(F) that Congress wanted *to eliminate all state [law] causes of action* relating to the responsibilities of persons who furnish information to consumer reporting agencies.  *Any other interpretation would fly in the face of the plain meaning of the statute.*
>
> *The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just*

---

[5] *Hasvold* is factually distinct only to the extent it dealt with a claim pursuant to Section 1681s-2(a), rather than Section 1681s-2(b).  However, the preemption provided for a Section 1681t(b)(1)(F) applies to any asserted Section 1681s-2 violation.  *See* 15 *U.S.C.* § 1681t(b)(1)(F).

> *ones that stem from statutes that relate specifically to credit reporting*. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action.

*Id.* at 1239 (emphases added) (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d at 361-62)). *Hasvold* thus concluded that "federal law under . . . FCRA *preempts [all state law] claims against the defendant relating to it as a furnisher of information*." *Id.* (emphasis added).[6]

In *Riley v. Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316 (S.D.Ala. 2002), the plaintiff instituted suit against various CRAs and furnishers of information pursuant to *FCRA*, and for various state law claims including negligence, defamation, invasion of privacy and outrage. *See id.* at 1317. The defendants moved to dismiss the state law claims, arguing that § 1681s-2(b) was the "exclusive remedy for private causes of action against furnishers of credit information." *Id.* at 1318. Concurring with the defendants, the court dismissed the state law claims as preempted pursuant to *FCRA*, § 1681t(b)(1)(F), and noted its holding was "consistent

---

[6] Although the *Jaramillo* court later reversed itself and, in a one sentence order, reinstated the defamation claim (*see Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356 (E.D.Pa. 2001)), *Riley v. Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1323 (S.D.Ala. 2002) found that such decision, absent any legal analysis or justification, "does not render the logic of the original opinion any less persuasive." Even more significantly, district courts, *including* the Eastern District of Pennsylvania itself, continue to cite *Jaramillo* to support the proposition that state law claims predicated on subject matter regulated by § 1681s-2(b) are absolutely preempted. *See Purcell v. Univ. Bank, N.A.*, 2003 U.S. Dist. LEXIS 7061, at **16-17 (E.D.Pa. Apr. 28, 2003) (finding that "although in *Jaramillo*, the court reinstated a defamation claim with a one sentence order and no other explanation, other courts have found the original opinion persuasive and have held that similar state law claims are in fact preempted. We likewise find that any state law claims based upon reports to credit agencies are preempted in light of precedent as well as the plain language of § 1681t(b)(1)(F)" (citations omitted)) (attached hereto as *Exhibit* ("*Exh*") *A*).

with the most recently reported 1681t(b)(1)(F) cases." *Id.* at 1323 (citing *Hasvold*, *supra*; *Aklagi v. Nationscredit Fin. Serv. Corp.*, 196 F.Supp.2d 1186 (D. Kan. 2002); and *Vazquez-Garcia v. Trans Union de Puerto Rico*, 222 F.Supp.2d 150 (D.P.R. 2002)).[7]

*Riley* also observed that *Hasvold*, *Aklagi* and *Garcia*, in discussing § 1681t(b)(1)(F), each specifically held that state law claims that concern a furnisher's conduct following its receipt of notice of a dispute by a CRA are absolutely preempted under § 1681t(b)(1)(F). *See Riley*, 226 F.Supp.2d at 1322. Significantly, in the matter *sub judice*, all of Plaintiff's state law claims are predicated on Verizon Wireless' alleged conduct as a "furnisher of information," including its claimed failure to adequately investigate the alleged dispute in violation of *FCRA,* Section 1681s-2(b). *See Complaint, passim*. Indeed, Plaintiff's defamation claim specifically references that alleged conduct. *Id.,* ¶¶ 47-49.[8] Since the conduct assertedly giving rise to all of Plaintiff's state law claims is the same conduct which forms the grounds for Plaintiff's *FCRA* claim, the

---

[7] *See also Purcell*, 2003 U.S. Dist. LEXIS 7061, at *17 (holding that "*any state law claims based upon reports to credit agencies are preempted in light of precedent as well as the plain language of § 1681t(b)(1)(F)*." (emphasis added)); *Jaramillo*, 155 F.Supp.2d at 361-62 (finding that "it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.' *Any other interpretation would fly in the face of the plain meaning of the statute*." (emphasis added)); *Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist. LEXIS 26468, at *41 (N.D.Cal. June 18, 2002) (holding that "section 1681t(b)(1)(F) preempts both state statutory and common law causes of action which implicate the subject matter of section 1681s-2" and finding that as plaintiff's state statutory and common law claims were based on the precise conduct proscribed under § 1681s-2(a) and (b), they were expressly preempted under § 1681t(b)(1)(F)) (attached hereto as *Exhibit B*).

[8] *See also Complaint*, ¶¶ 59-60 (predicating CUTPA liability on Defendant's "furnisher of information" activities), and 55 (predicating emotional distress claim on willful and wanton conduct arising from its failure to comply with "laws regulating the consumer reporting industry").

state law claims are preempted pursuant to the express language of *FCRA,* Section 1681t(b)(1)(F). *See, e.g.*, *Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist. LEXIS 26468 (N.D. Cal. June 18, 2002).

Because Plaintiff's defamation claim is based on the same facts as his *FCRA* claim, *i.e.* Defendant's alleged failure to accurately furnish information about the Accounts to CRAs following notification of the alleged dispute, Plaintiff's defamation claim is expressly preempted under the plain language of § 1681t(b)(1)(F) and should, therefore, be dismissed.[9]

**IV.     Plaintiff's Intentional Infliction Claim Is Preempted and Fails as a Matter of Law**.

    **A.     Count Three Is Preempted Under *FCRA***.

Similar to Plaintiff's defamation allegations, Plaintiff's intentional infliction claim should be dismissed pursuant to the plain language of *FCRA*, 15 *U.S.C.* § 1681t(b)(1)(F). That claim is predicated entirely on conduct regulated by *FCRA*, § 1681s-2(b). *See Complaint*, ¶ 53 (alleging Defendant caused Plaintiff emotional distress by failing "to comply with the laws *regulating creditors' reports to consumer reporting agencies* . . . .") (emphasis added), and ¶ 55 (asserting Verizon Wireless' conduct was "willful and wanton in that it *failed to comply with laws*

---

[9] To the extent Plaintiff's Complaint purports to set forth claims against Defendant for alleged conduct occurring *prior* to Defendant's claimed receipt of notice from the CRAs, this cause of action again is facially deficient. Simply, "the consensus of the courts is that . . . [a] cause of action is not triggered until *after* the furnisher of information receives notice of the dispute from a consumer reporting agency, not just the consumer." *Vazquez-Garcia*, 222 F.Supp.2d at 158 (emphasis added) (citing *Aklagi*, 196 F.Supp.2d at 1192; *Hasvold*, 194 F.Supp.2d at 1236; *Jaramillo,* 155 F.Supp.2d at 363; *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275, 1289 (M.D.Ala. 2001); *Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918, 928-29 (N.D.Ill. 2000)).

*regulating the consumer reporting industry*.") (emphasis added). As such, dismissal is mandated. *See Davis*, 2002 U.S. Dist. LEXIS 26468, at *44 (finding plaintiff's state law tort claims preempted under § 1681t(b)(1)(F) as such claims were based on the defendant's alleged failure to comply with federal and state statutes governing the furnishing of credit information and investigation of complaints – the same subject matter regulated by *FCRA*).

    **B.**    **Plaintiff's Intentional Infliction Claim Also Fails as a Matter of Connecticut Law**.

Under Connecticut law, a plaintiff bears a heavy burden in establishing a claim for *intentional* infliction of emotional distress. Specifically, he must demonstrate:

> (1) [T]hat the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was *extreme and outrageous*; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . .

*Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443 815 A.2d 119, 126 (2002) (emphasis added) (citing *Appleton v. Bd. of Educ.*, 254 Conn. 205, 210, 757 A.2d 1059 (2000); *Peyan v. Ellis*, 2000 Conn. 243, 253, 510 A.2d 1337 (1986)).

"Liability for intentional infliction of emotional distress requires conduct *that exceeds all bounds usually tolerated by decent society. . . .*" *Id.* (emphasis added) (citing *Peyan v. Ellis*, 200 Conn. at 254, n.5). Courts have concluded that liability exists only "where the conduct has been *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of*

*decency, and to be regarded as atrocious, and utterly intolerable in a civilized community*." *Id.* (emphasis added). In other words, the case must be one in which "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" *Id.* (citing 1 Restatement (Second) of Torts, § 46, comment (d), p. 73 (1965)). Therefore, "[c]onduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." *Id.* (citing *Mellaly v. Eastman Kodak Co.*, 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991); *Appleton*, 254 Conn. at 210-11; *see also Biro v. Hirsch*, 62 Conn. App. 11 (2000)) (noting that all four elements must be established in order for a plaintiff to prevail on his claim for intentional infliction of emotional distress) (citations omitted).

In *Carrol*, the plaintiff insured brought suit against his insurer for, *inter alia*, the insurer's alleged failure to conduct an adequate investigation regarding the cause of a fire. The Connecticut Supreme Court held that although the insurer's conduct may have been questionable, the evidence was insufficient for a jury to reasonably conclude that its conduct was "extreme and outrageous," or "so atrocious as to trigger liability for *intentional* infliction of emotional distress." *Id.* at 444 (emphasis in original).

Similarly, in the case at bar, Plaintiff's allegations do not rise to the level required to state a claim for intentional infliction of emotional distress as construed by the Connecticut Supreme Court. Plaintiff does not contend, by way of any allegations within the Complaint, that

Defendant's purported conduct was extreme or outrageous, or that Verizon Wireless intended to cause, or did in fact cause Plaintiff to suffer "severe" emotional distress, nor can the allegations made thus far, and giving Plaintiff the benefit of every doubt, be reasonably so construed.  Put simply, the allegations, even if proven, are not of the kind or quality to cause an indifferent party to proclaim "Outrageous!"  Accordingly, as Plaintiff's Third Count fails to state a claim upon which relief may be granted, it should be dismissed.

## VI.     **Plaintiff's *CUTPA* Claim Is Preempted**.

Similar to Plaintiff's state law defamation and intentional infliction of emotional distress claims, Plaintiff's *CUTPA* cause of action is also preempted pursuant to *FCRA*, Section 1681t(b)(1)(F).  In *Riley*, *supra*, the court opined on the intersection of state consumer protection laws, such as *CUTPA*, and *FCRA*'s preemption provisions:

> If the instant case included claims filed under Alabama state consumer protection laws, the court would . . . find such claims preempted.  This conclusion is based on the court's reading of the plain language of the statute, for 15 U.S.C. 1681t(b)(1)(F) clearly prohibits states from imposing requirements or prohibitions 'with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.'  *Thus, there is no question that the statutory prohibition precludes suits under state consumer protection laws.*

*Riley,* 226 F.Supp.2d at 1322 (emphasis added).

Similarly, in *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496 (W.D.Tenn. 1999), the plaintiff brought suit against multiple defendants claiming violations of, *inter alia*,

*FCRA* and the *Tennessee Consumer Protection Act*, Tenn. Code. Ann. §§ 47-18-101, *et seq.* ("*TCPA*").[10]  Two of the defendants argued that plaintiff's state law claims, including his *TCPA* claim, were preempted under *FCRA* § 1681t(b)(1)(F). *Id.* at 503.  The court agreed:

> Because the duties, responsibilities, and liabilities of furnishers of information upon receipt of notice from a consumer are regulated under §§1681s-2(a) & (c) of the FCRA, *there is a preemption of plaintiff's state law claim under the TCPA* . . . Consequently, defendant's motion for judgment on the pleadings as to plaintiff's state law claim pursuant to the TCPA is granted.

*Id.* (emphasis added).

As in *Riley* and *Carney*, there is no question here that Plaintiff's *CUTPA* cause of action is preempted under *FCRA* and should, accordingly, be dismissed.  The allegations comprising Plaintiff's fourth cause of action *are based on the exact subject matter that is regulated by FCRA* – Defendant's alleged inaccurate furnishing of credit information to various CRAs pursuant to *CCPA*, the Connecticut analogue to *FCRA*.  *See Complaint*, ¶¶ 57-59.  Consequently, as Plaintiff's *CUTPA* claim is predicated on subject matter regulated by *FCRA*, Section 1681s-2(b), it is preempted pursuant to 1681t(b)(1)(F).

---

[10] *TCPA* mirrors *CUTPA* by providing that "unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices." *Carney*, 57 F.Supp.2d at 502 (citing *Tenn. Code Ann.* § 47-18-104(a)).

## CONCLUSION

WHEREFORE, and for the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to *Fed.R.Civ.P.* 12(b)(6).

      THE DEFENDANT
      CELLCO PARTNERSHIP d/b/a
      VERIZON WIRELESS


By_____
   Donald E. Frechette
   Federal Bar No. ct08930
   Willliam E. Murray
   Federal Bar No. ct19717
   EDWARDS & ANGELL, LLP
   90 State House Square
   Hartford, Connecticut 06103
   (860) 525-5065
   Telecopy (860) 527-4198

## **CERTIFICATION**

This is to certify that on this 22nd day of June, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn
Matthew T. Theriault
Sarah Poriss
Consumer Law Group, LLC
2138 Silas Deane Highway P.O. Box 1039
Rocky Hill, CT 06067-9997

Christopher E. Kittell, Esq.
TwifordWebster & Gresham
144 Sunflower Avenue
P. O. Drawer 760
Clarksdale, MS 38614

Robert W. Allen, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street, P. O. Box 1936
New Haven, CT 06509-1910

David Bizar, Esq.
Mark M. Porto, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT  06103

_____
William E. Murray