UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | |
| | : | Civil Action No. |
| Plaintiff | : | 3:03 CV 0873 (RNC) |
| v. | : | |
| | : | |
| VERIZON WIRELESS SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | JUNE 25, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER PENDING SETTLEMENT CONFERENCE AND CROSS-MOTION TO MODIFY SCHEDULING ORDER**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), Ford Motor Credit Company ("FMCC"), and the Navy Federal Credit Union ("Navy Federal") (collectively, "Defendants"), through their undersigned counsel, hereby object to the *Motion to Modify Scheduling Order Pending Settlement Conference* dated June 16, 2004 (the "*Motion*") filed by the plaintiff, John Harrison ("Plaintiff"). Concurrently herewith, Defendants cross-move the Court to modify the scheduling order in the above-captioned matter in accordance with the *[Proposed] Scheduling Order* attached hereto as **Exhibit A**. In support of this objection and cross-motion, Defendants aver as follows:

1. This action was filed on or about May 16, 2003. The Court (Martinez, M.J.) entered scheduling orders in this case on or about August 20, 2003.

2. After the institution of the above-captioned action, Plaintiff instituted two other related matters in this court, asserting virtually identical claims against different defendants and seeking damages similar to those sought in this action. The two actions were captioned *John Harrison v. Ford Motor Credit Co.*, Civil Action No. 3:03cv1291 (RNC) (the "FMCC Action")

**ORAL ARGUMENT NOT REQUESTED**

and *John Harrison v. Navy Federal Credit Union*, Civil Action No. 3:03cv1660 (RNC) (the "Navy Federal Action").

3.  A scheduling order was entered in the FMCC Action on or about September 12, 2003. No scheduling order was entered in the Navy Federal Action because of the pending consolidation of all three matters.

4.  Beginning sometime in November of 2003, Plaintiff and Verizon Wireless engaged in settlement discussions.

5.  At the joint request of Plaintiff and Defendants, the Court scheduled a settlement conference in this action, the FMCC Action and the Navy Federal Action before Magistrate Judge Thomas P. Smith for May 11, 2004.

6.  Due to the pendency of the aforementioned settlement conference and the expectation that settlement was a real possibility, Plaintiff and Defendants refrained from engaging in discovery beyond the limited discovery they had already propounded. Furthermore, Verizon Wireless and FMCC refrained from pursuing their previously filed motions to dismiss Plaintiff's complaint. A stay also entered in the FMCC Action on December 2 2003. As a result, FMCC was not obligated to submit its reply to Plaintiff's opposition to FMCC's motion to dismiss, and FMCC's motion to dismiss was not submitted for adjudication. Finally, in the Navy Federal Action, on May 20, 2004, the Court granted Navy Federal's request to extend the deadline for filing a response to Plaintiff's complaint until two weeks after mediation occurs. Thus, Navy Federal has yet to file a responsive pleading.

7. Due to an unexpected death in the family of Plaintiff's lead counsel, the May 11, 2003 settlement conference was postponed. The settlement conference has been re-scheduled to occur on September 1, 2004.

8. Given the significant amount of time until the September 1, 2004 settlement conference, Defendants now wish to pursue additional discovery, and Verizon Wireless wishes to adjudicate its motion to dismiss.

9. On May 20, 2004, the Court consolidated this action, the FMCC Action and the Navy Federal Action for all purposes, making the this action the lead case.

10. As a result of the consolidation of this action with the FMCC Action and Navy Federal Action and the postponement of the May 11, 2004 settlement conference, good cause exists for the modification of the scheduling order entered in this action on August 20, 2004. Said modification will allow all parties adequate time to conduct discovery and file dispositive motions.

11. While Defendants agree with Plaintiff that the scheduling order in this case should be modified, they object to the modified scheduling order proposed by Plaintiff. In fact, contrary to the representation made by Plaintiff in the *Motion*, counsel for Verizon Wireless, speaking for Verizon Wireless, FMCC and Navy Federal, indicated that Defendants objected to the scheduling order dates proposed by Plaintiff and proposed dates vastly different than those proposed by Plaintiff in his *Motion*. *See Email from D. Frechette to S. Poriss*, June 2, 2004 (attached hereto as **Exhibit B**).

12. Particularly, given the complexity of the issues involved in this matter, the different amounts of discovery previously conducted by Defendants in each of the respective

cases prior to consolidation, the expected volume of discovery and the seeming certainty of discovery disputes, Defendants believe the discovery deadlines proposed by Plaintiff are too near in time to allow the parties adequate time to conduct discovery and prepare this case for trial.

13. Furthermore, Defendants believe that written discovery, fact witness depositions and expert witness depositions should have separate deadlines that allow sufficient time following the preceding discovery deadline for the orderly progression of discovery.

14. Finally, Plaintiff's proposed scheduling order allows only thirteen (13) days after the close of written discovery for the parties to prepare and file any motions for summary judgment. This is simply not enough time.

15. Verizon Wireless previously filed a *Consented to Motion to Extend Scheduling Order Deadlines* dated November 24, 2003, but it does not appear that the Court ever ruled on said motion.

16. Counsel for Plaintiff objects to Defendants' cross-motion to modify the scheduling order deadlines.

WHEREFORE, Defendants respectfully requests that the Court deny Plaintiff's *Motion to Modify Scheduling Order Pending Settlement Conference* dated June 16, 2004, grant Verizon Wireless' cross-motion to modify the scheduling orders and enter a scheduling order with the deadlines contained in the *[Proposed] Modified Scheduling Order* attached as **Exhibit A** hereto.

- 5 -

        **DEFENDANT**
        **CELLCO PARTNERSHIP d/b/a**
        **VERIZON WIRELESS**


By_____
        Donald E. Frechette
        Federal Bar No. ct08930
        William E. Murray
        Federal Bar No. ct19717
        EDWARDS & ANGELL, LLP
        90 State House Square
        Hartford, Connecticut 06103
        (860) 525-5065
        Telecopy (860) 527-4198
        wmurray@edwardsangell.com


        **DEFENDANT**
        **FORD MOTOR CREDIT COMPANY**


By_____
        David Bizar, Esq.
        Federal Bar No. ct20444
        Mark M. Porto, Esq.
        Federal Bar No. ct24271
        Day Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0648
        Telecopy (860) 275-0343
        dmbizar@dbh.com

- 6 -

                                                **DEFENDANT**
                                                **NAVY FEDERAL CREDIT UNION**

By_____
      Robert W. Allen, Esq.
      Federal Bar No. ct04188
      Matthew A. Sokol, Esq.
      Federal Bar No. ct21268
      TYLER COOPER & ALCORN, LLP
      205 Church Street
      New Haven, Connecticut 06510
      (203) 784-8200
      Telecopy (203) 789-8069
      sokol@tylercooper.com

## **CERTIFICATION**

      This is to certify that on this 25th day of June, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn, Esq.
Matthew T. Theriault, Esq.
Sarah Poriss, Esq.
Consumer Law Group, LLC
2138 Silas Deane Highway P.O. Box 1039
Rocky Hill, CT 06067-9997

Christopher E. Kittell, Esq.
Twiford Webster & Gresham
144 Sunflower Avenue
P. O. Drawer 760
Clarksdale, MS 38614

David Bizar, Esq.
Mark M. Porto, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Robert W. Allen, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street, P. O. Box 1936
New Haven, CT 06509-1910

                                                                                        _____
                                                                                            William E. Murray

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | |
| | : | Civil Action No. |
| Plaintiff | : | 3:03 CV 0873 (RNC) |
| v. | : | |
| | : | |
| VERIZON WIRELESS SERVICES, LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | JUNE 25, 2004 |

### [PROPOSED] MODIFIED SCHEDULING ORDER

Based upon the parties' submissions, the scheduling orders previously entered in this case are hereby modified as follows:

1. Plaintiff must submit and serve upon the parties a damages analysis within 14 days of the entry of a modified scheduling order but, in any event, no later than **July 16, 2004**.

2. All written discovery must be completed (not propounded) by **March 1, 2005**.

3 All fact witness depositions must be completed by **April 15, 2005**.

4. Plaintiff must disclose any expert witnesses that will testify at trial by **April 15, 2005**.

5. Defendants must depose any expert witnesses disclosed by plaintiff by **June 1, 2005**.

6. Defendants must disclose any expert witnesses that will testify at trial by **July 15, 2005**.

7. Plaintiff must depose any expert witnesses disclosed by defendants by **September 1, 2005**.

8. Any dispositive motions must be filed by **October 15, 2005**.

9. The parties' joint trial memorandum must be filed by **November 1, 2005** or 30 days after the Court issues any ruling on dispositive motions, whichever is later.

10. The case will be trial ready by **December 1, 2005** or 30 days after the Court issues any ruling on dispositive motions, whichever is later.

Dated:_____                           _____