UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | |
| | : | Civil Action No. |
| Plaintiff | : | 3:03 CV 0873 (RNC) |
| v. | : | |
| | : | |
| VERIZON WIRELESS SERVICES, LLC., | : | |
| | : | |
| | : | |
| Defendant. | : | JULY 8, 2004 |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In his opposition memorandum dated August 1, 2003 ("Opposition" or "Opp.") which Plaintiff has incorporated by reference in his July 7, 2004 *Memorandum in Opposition to Verizon's Motion to Dismiss,* Plaintiff primarily argues that the preemption provisions of 15 *U.S.C.* §1681t – which refer to state "requirement[s] or prohibition[s]" – serve only to address conflicting state statutory schemes, and not claims arising under state common law. He also claims that the statutes at issue here are not inconsistent with the relevant provisions of the *Federal Credit Reporting Act* ("*FCRA*") and, as such, are not preempted. Plaintiff is wrong on both counts.

First, although Plaintiff invokes *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996), to support his claim that state common law claims are not preempted, he fails to note that the authority on which he relies is a <u>plurality</u> opinion. Closer examination of the precedent reveals that, in

**ORAL ARGUMENT REQUESTED**

actuality, a <u>majority</u> of the Justices rendered opinions supportive of defendant Cellco Partnership d/b/a Verizon Wireless' ("Defendant" or "Verizon Wireless") position here.  Second, Plaintiff's "inconsistency" requirement has been created out of whole cloth.  The preemption at issue is complete, and 15 *U.S.C.* §1681t contains no requirement that the state law at issue be deemed to conflict with *FCRA*'s relevant provisions.  Indeed, when the Opposition is scrutinized, the trial court authorities relied on by Plaintiff are revealed to be, in the main, devoid of analysis and, in several instances, pure *dicta.*  Similarly, Plaintiff's reliance on Federal Trade Commission ("FTC") commentary is misplaced because that commentary deals with an entirely different section of *FCRA* than the one at issue here and, as the FTC has itself recognized, is advisory in nature only, and wholly lacking in legal or regulatory effect.

These shortcomings – and there are others, as discussed below – make clear that Verizon Wireless' motion to dismiss should be granted.

## ARGUMENT

**I.     PLAINTIFF'S PREEMPTION ARGUMENTS ARE UNPERSUASIVE**.

Relying upon a claimed conflict between the provisions of 15 *U.S.C.* §1681h and §1681t, Plaintiff asserts 15 *U.S.C.* §1681t preempts only state statutory claims, and not those that emanate from the common law.  Plaintiff is wrong.

### A. Supreme Court Precedent Supports Verizon Wireless' Arguments.

Plaintiff asserts the preemption provisions of Section 1681t do not apply to common law claims, but only to statutory enactments. In support of that proposition, he invokes *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996). But Plaintiff's reliance on *Medtronic* is misplaced, because the passages which form the basis for Plaintiff's arguments are contained in a plurality opinion – joined in by only four of the Justices – and do not reflect the Court's ultimate holding. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (when "no single rationale . . . enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . ." (quotation omitted)).

*Medtronic* dealt with the preemption provisions of the *Medical Device Amendments of 1976* ("*MDA*"), 90 *Stat.* 539. While the plurality opinion cited by Plaintiff concluded that use of the word "requirement" in the preemption provisions did not implicate common law theories of recovery, that opinion *was not joined in by a majority of the Justices*. *Medtronic,* 518 U.S. at 486-91. To the contrary, Justices O'Connor, Scalia, Thomas, and Chief Justice Rehnquist, all found that the statutory provision at issue *did* bar statutory *and* common law claims. *Id.* at 510-14. And, importantly, Justice Breyer, the swing-vote in *Medtronic*, joined in that latter conclusion. *Id* at 503-04.

This precise issue was also addressed by a majority of the Justices in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992). There, Justice Stevens' four-Justices plurality observed that

the *Public Health Cigarette Smoking Act of 1969*, *Pub.L.* 91-222, 84 *Stat*. 87, as amended, 15 *U.S.C.* §§1331-1340 – which provided that "[n]o *requirement or prohibition* based on smoking or health shall be imposed *under State law* with respect to the advertising or promotion of any cigarettes" (emphasis added) – "sweeps broadly and suggests *no distinction between positive enactments and common law; to the contrary, th[e] words ["[n]o requirement or prohibition"] easily encompass obligations that take the form of common-law rules*." *Cipollone*, 505 U.S. at 521 (emphasis added).[1]  *Cipollone*'s plurality opinion was joined in part by Justices Scalia and Thomas, who observed "that the phrase 'State law' . . . embraces state common law." *Id.* at 549. *Cipollone* has thus been recognized to compel the conclusion that "a majority of the Court agreed that state common-law damages actions do impose 'requirements'." *Medtronic*, 518 U.S. at 510 (O'Connor, J., concurring).

Properly understood, therefore, both *Medtronic* and *Cipollone* compel a presumption *in favor* of preemption, <u>not</u> *against* it.  *See Grenier v. Vermont Log Bldgs., Inc.*, 96 F.3d 559, 563 (1st Cir. 1996) (it "is now settled by the Supreme Court in *Cipollone* and [*Medtronic*] that 'requirements' *presumptively includes state causes of action* as well as laws and regulations.") (emphasis added); *see also Martin v. Medtronic, Inc.*, 254 F.3d 573, 579-80 (5th Cir. 2001) (finding *Medtronic* and *Cipollone* consistent, and that tort claims remain preempted by use of the

---

[1]  The plurality further noted that "[state] regulation can be as effectively exerted through an award of damages as through some form of preventive relief.  The obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy." 505 U.S. at 521.

word "requirement"); *Lescs v. William R. Hughes, Inc.*, 168 F.3d 482, 1999 WL 12913, at *6, n. 6 (4th Cir. Jan. 14, 1999) (unpublished) (discussing *Medtronic* and finding that a "majority of the Court . . . does not . . . question our position that common law claims and enactments of positive law are equally subject to preemption") (attached hereto as *Exhibit A*).

But there are other reasons Plaintiff's cited passages from *Medtronic* do not control here. First, the language of the MDA analyzed in *Medtronic* was substantially different from the statutory scheme *sub judice*. *Compare* 21 *U.S.C.* §360k(a) and 15 *U.S.C.* §1681t. Second, in *Medtronic*, a finding of preemption would have deprived the plaintiff of **any** remedy. *Medtronic*, 518 U.S. at 488-89. That is not the case here. Finally, and perhaps of greatest importance, the statute at issue in *Medtronic* was dependent on the issuance of agency regulations, and it was the interpretation of those regulations that formed the basis for the holding of a majority of the Court. *See id.* at 496-97, 506-07 (Breyer, J., concurring). Here, Section 1681t speaks for itself, and no agency action was required to give the statute effect. Thus, no such regulations exist.[2]

For all of these reasons, Plaintiff's reliance on *Medtronic* is entirely misplaced.

---

[2] Plaintiff's assertion to the contrary, (*see Opp*. at 6), is wrong. First, the interpretive material cited by plaintiff discusses Section 1681t(a), **not** Section 1681t(b). *See* 16 *C.F.R.* Pt. 600, App., Sec. 622. Second, Section 1681t(a) expressly provides that its provisions are **subject to** the provisions of Section 1681t(b). Finally, unlike the regulations at issue in *Medtronic*, the interpretive materials relied on by plaintiff explicitly provide that they "do[] not have the force or effect of regulations or statutory provisions." 16 *C.F.R.* Pt. 600, App., Intro., Sec. 1.

### B.   Plaintiff's Historical Analysis Of The Statutory Scheme Is Flawed.

In an effort to bolster his statutory construction arguments, Plaintiff embarks on a historical analysis of *FCRA*.  *Opp.* at 4-5.  Plaintiff's analysis in this respect is, however, anything but thorough.  Plaintiff is correct in asserting that prior to the 1996 *FCRA* amendments, the preemptive effect of *FCRA* was entirely prescribed by 15 *U.S.C.* §1681h(e).  And, Plaintiff also accurately observes that the amendments added a new preemption provision – 15 *U.S.C.* §1681t(b).  What Plaintiff fails to mention – or attach import to – is that the 1996 amendments also added 15 *U.S.C.* §1681s-2.  Thus, Congress accomplished two acts of relevance here when it passed the 1996 amendments to *FCRA*.  First, Section 1681s-2 "imposed two new duties on the furnishers of information . . . ."  *Vazquez-Garcia v. Trans Union de Puerto Rico*, 222 F.Supp.2d 150, 157 (D.P.R. 2002).  Second, Section 1681t, by its express terms, limited the effect of state law with respect to claims arising out of the newly-enacted provisions of Section 1681s-2.

The new duties imposed by Section 1681s-2 were designed to close a "loophole which allowed reporting agencies to blame furnishers of inaccurate credit reports and no disincentive [*sic*] for furnishers to update their reported data."  *Id.* at 157, n.10.  Previously, "[f]urnishers may not have been responsive to consumers, but there was nothing consumers could do about it, furnishers were not liable to consumers for failing to report accurately.  Congress rectified this problem with section 1681s-2(a) and (b), which together provide accurate information and properly investigate disputed reports."  *Id.* (citation omitted).

In addition, the new obligations imposed by Section 1681s-2(a) are enforceable only by certain specified governmental officials. *Id.* at 156 (citing 15 *U.S.C.* § 1681s-2(d)). Unlike the provisions of Section 1681s-2(b), the requirements imposed by Section 1681s-2(a) do ***not*** give rise to a private cause of action. *Id.* Thus, it was not at all coincidental that the 1996 *FCRA* amendments: (1) created two new types of statutory obligations; (2) abrogated private causes of action with respect to one such class, *i.e.* obligations imposed by Section 1681s-2(a); ***and*** (3) limited the application of state law to obligations that could be privately enforced, *i.e.*, those arising pursuant to Section 1681s-2(b). And, of course, Section 1681s-2(b) obligations do not even arise until *after* notice is received pursuant to Section 1681i(a)(2). *See* 15 *U.S.C.* §1681s-2(b)(1); *see also Aklagi v. NationsCredit Financial Serv. Corp.*, 196 F.Supp.2d 1186, 1193 (D. Kan. 2002).

Thus understood, Sections 1681h and 1681t are reconcilable. The provisions of Section 1681t(b)(1)(F) apply to any liability that might arise under the concurrently enacted provisions of Section 1681s-2(b), which liability cannot arise until *after* the requisite notice has been furnished. *Aklagi,* 222 F.Supp.2d at 162. This analysis is supported not only by the historical context of these enactments, but by the provisions of Section 1681t(b)(1)(F), which specifically mention Section 1681s-2, and the provisions of 1681h(e), which expressly apply only to liabilities arising pursuant to Sections 1681g, 1681h or 1681m.

Plaintiff freely acknowledges that he is ***not*** pursuing claims pursuant to Sections 1681g, 1681h or 1681m. *Opp.* at 10. Indeed, his Complaint makes clear that his claims are predicated on Section 1681s-2(b). *See Complaint*, ¶¶ 40-42, 47, 55, 56, 59-60. Given the preemptive effect of Section 1681t as applied to Section 1681s-2 claims, the Complaint must be dismissed.

      C.    **The Cases Relied On By Plaintiff Are Inapposite**.

The trial court opinions relied on by Plaintiff to support his view that Section 1681t(b)(1)(F) applies only to statutory and not common law causes of action require little comment. The observation in *Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D.Ill. 2000), that common law claims do not impose a "requirement or prohibition" for preemption purposes is pure *dicta. Id.* at 930. Perhaps that is why *Dornhecker* contains little analysis of the issue and, in fact, never even mentions the Supreme Court's pronouncements in *Cipollone* or *Medtronic*.

*Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517 (N.D.Tex. 2003), *Yutesler v. Sears Roebuck and Co.*, 2003 WL 21147607 (D.Minn. May 14, 2003) (attached hereto as *Exhibit B*)[3], *Jeffery v. Trans Union, LLC,* 2003 WL 21738588 (E.D. Va. July 24, 2003) (attached hereto as *Exhibit C*), and *Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007 (S.D.Iowa 2003), also contain

---

[3]  *Yutesler*'s observations with respect to the interplay between Sections 1681h and 1681t are also *dicta*. *Id.* at *3.

absolutely no discussion of *Cipollone* or *Medtronic*. On that basis alone, their contribution to this discussion must be seriously questioned.[4]

## II. PLAINTIFF'S CONSTRUCTION OF SECTION 1681t(b) IS WRONG.

Plaintiff's discussion of Section 1681t(a) is superfluous inasmuch as Verizon Wireless has never contended that such section controls here. However, Plaintiff attempts to expand the preemption provisions of Section 1681t(a) – which only apply when the state law is "inconsistent" with the relevant *FCRA* provision – to all forms of *FCRA* preemption, including that which arises pursuant to Section 1681t(b). *See Opp.* at 11-13. The relevant statutory provisions do not support any such attempt.

To be sure, Section 1681t(a) only preempts "inconsistent" state law; but Verizon Wireless has made no claim under Section 1681t(a). Instead, Verizon Wireless' entire preemption claim is premised on Section 1681t(b). The preemption provisions of that section are absolute and do ***not*** require a showing of inconsistency. As such, Plaintiff's reliance on *Credit Data of Arizona, Inc. v. State of Arizona*, 602 F.2d 195 (9th Cir. 1979) and *Hughes v. Fidelity Bank*. 709 F. Supp. 639 (E.D.Pa. 1989) – both of which pre-date the 1996 *FCRA* amendments – is misplaced. And, for precisely the same reasons, Plaintiff's exposition regarding *FCRA*'s pre-1996 legislative history is

---

[4] *Sehl v. Safari Motor Coaches, Inc.*, 2001 WL 940846 (N.D.Cal. Aug. 31, 2001) (attached hereto as *Exhibit D*), is distinguishable. *Sehl* dealt with the issue of "complete preemption" for federal removal purposes.

of dubious value.  Finally, even the FTC commentary cited by Plaintiff deals only with Section 1681t(a).[5]

In short, Plaintiff's discussion of Section 1681t(a) and preemption premised on "inconsistent" state laws is little more than a red herring.  The provision at issue is Section 1681t(b), and it contains no requirement that the state law at issue be deemed "inconsistent."  Instead (with certain exceptions not relevant here), it explicitly provides that "*[n]o requirement or prohibition* may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 . . ." (emphases added).[6]

### III.    SECTION 1681t(b) APPLIES TO THE CAUSES OF ACTION AT ISSUE HERE.

Again relying on *Cipollone* and *Medtronic*, Plaintiff next argues that his non-*FCRA* claims do not concern "any subject matter regulated under . . . section 1681s-2" and, as such, are not preempted by Section 1681t(b)(1)(F).  Of course, Plaintiff cites to no authorities that have expressly so held.  In fact, even the authorities which espouse his view that Section 1681t(b) does not preempt tort claims, have refrained from holding that common law negligence,

---

[5] Plaintiff's reliance on *Matthews v. GEICO*, 23 F.Supp.2d 1160 (S.D.Cal. 1998), is curious indeed.  In *Matthews*, the court held that "where a statute *creates a right that did not exist at common law* and provides a comprehensive and remedial scheme for its enforcement, the statutory remedy is exclusive."  *Id.* at 1165 (citation omitted; emphasis added).  Of course, that is not the situation here, at least with respect to Plaintiff's defamation and intentional infliction of emotional distress claims.

[6] Of course, the doctrine of implied preemption need not even be examined if the statute in question – such as Section 1681t(b) here – explicitly sets forth Congress' preemptive intent.  *Cipollone*, 505 U.S. at 516.

defamation or invasion of privacy claims do not *per se* relate to "any subject matter regulated under . . . section 1681s-2 . . . ," as required by Section 1681t(b)(1)(F). *See*, *e.g.*, *Carlson,* 259 F.Supp.2d at 521. In fact, by engaging in a discussion of preemption when, at least according to Plaintiff, they could easily have disposed of the issue by finding the statute facially inapplicable, those authorities apparently acknowledged that Section 1681t(b) does, in fact, apply.[7]

Moreover, it borders on the disingenuous for Plaintiff to argue that his non-*FCRA* claims do not relate to the same subject matter governed by Section 1681s-2. On its face, Section 1681s-2 applies to conduct involved in the reporting of credit information. *See Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 787 (W.D.Ky. 2003). Here, Counts II, III and IV of the Complaint are explicitly predicated on Verizon Wireless' alleged provisioning of inaccurate account information. *Complaint*, ¶¶14-16, 18, 21-22, 26-27, 29, 46-47, 51, 53, and 59. As such, those claims are preempted. *Stafford*, 262 F.Supp.2d at 787-88.[8]

---

[7] *Cipollone* and *Medtronic* offer little to this discussion because the preemption provisions in both cases were distinguishable from the one at issue here. In particular, both provisions concerned the preemption of matters within a specifically defined factual arena. *See Cipollone*, 505 U.S. at 518 (matters relating "to smoking and health . . . in the advertising of . . . cigarettes" preempted); *Medtronic*, 518 U.S. at 481 (preempting matters relating to the "safety and effectiveness" of medical devices intended for human use, and corollary regulation providing that state requirements of general applicability were not, except in limited circumstances, preempted). In contrast, the provision here is much broader in scope and encompasses anything dealing with the same "subject matter" covered by Section 1681s-2.

[8] To the extent Plaintiff avers that certain of his claims are predicated on actions undertaken by Verizon Wireless *before* it received notification of Plaintiff's dispute, such claims would also, of necessity, fail. Quite simply, any such claims would be subject to the preemption provisions of Section 1681h(e) which, of course, requires a showing of willfulness. *Stafford*, 262 F.Supp.2d at 788. In turn, Plaintiff's claims of willfulness are predicated on the fact that Verizon Wireless supposedly continued to act *after* receiving word from Plaintiff that the information it was providing to third parties was in error. *Complaint*, ¶¶ 28, 42, 46-47, 51-53, 56, 59. In essence, Plaintiff

Plaintiff's reliance on Section 1681t(d) is also unavailing.  Unlike Section 1681t(b) – which applies to any "requirement or prohibition . . . *imposed* under the laws of any State" (emphasis added) – Section 1681t(d) is only applicable to "any *provision* of State law . . . that . . . is *enacted* after January 1, 2004." (emphases added).  It almost goes without saying that "[a]n 'enactment' is the product of legislation, not adjudication." *Branch v. Smith*, 123 S.Ct. 1429, 1437 (2003) (citations omitted).  Plainly, neither Plaintiff's defamation nor intentional infliction of emotional distress claims can be so characterized.  And, of course, *CUTPA* existed long before January 1, 2004.  Accordingly, Section 1681t(d) is inapplicable on its face.[9]

---

cannot overcome the fact that, for actions undertaken *after* notification, his claims are preempted by Section 1681t(b)(1)(F), and for actions taken *before* notification, he cannot make the necessary showing to establish willfulness and, as such, his claims are barred by Section 1861h(e).

[9] Plaintiff's Section 1681t(d) claim lacks merit for another reason.  Specifically, for Section 1681t(d) to be applicable, the state statute at issue must "give[] greater protection to the consumer[]" than *FCRA*.  *FCRA* § 1681n, which deals with willful noncompliance, permits the recovery of punitive damages and attorney's fees.  As such, only plaintiff's *CUTPA* claim comes close to providing *the same* relief.

- 13 -

## CONCLUSION

WHEREFORE, and based on the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss.

                                          **THE DEFENDANT**
                                          **CELLCO PARTNERSHIP d/b/a**
                                          **VERIZON WIRELESS**

                                          By_____
                                            Donald E. Frechette
                                            Federal Bar No. ct08930
                                            William E. Murray
                                            Federal Bar No. ct19717
                                            EDWARDS & ANGELL, LLP
                                            90 State House Square
                                            Hartford, Connecticut 06103
                                            (860) 525-5065
                                            Telecopy (860) 527-4198

**CERTIFICATION**

      This is to certify that on this 8th day of July, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn
Matthew T. Theriault
Sarah Poriss
Consumer Law Group, LLC
2138 Silas Deane Highway P.O. Box 1039
Rocky Hill, CT 06067-9997

Christopher E. Kittell, Esq.
Twiford Webster & Gresham
144 Sunflower Avenue
P. O. Drawer 760
Clarksdale, MS 38614

Robert W. Allen, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street, P. O. Box 1936
New Haven, CT 06509-1910

David Bizar, Esq.
Mark M. Porto, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT 06103

                                                        _____
                                                          William E. Murray, Esq.