UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOHN HARRISON, | : | CASE NO. 3:03CV873 (RNC) – *LEAD CASE* |
| Plaintiff, | : | ~~3.03CV1291 (RNC)~~ |
| vs. | : | |
| | : | |
| FORD MOTOR CREDIT COMPANY, | : | |
| | : | |
| Defendant. | : | AUGUST 4, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FORD MOTOR
CREDIT COMPANY TO JOIN VERIZON WIRELESS'
MOTION FOR ORDER COMPELLING DISCOVERY**

Defendant, Ford Motor Credit Company ("FMCC"), joins and adopts in its entirety

Verizon Wireless' Motion for Order compelling discovery, filed by Cellco Partnership d/b/a

Verizon Wireless ("Verizon Wireless"), in the consolidated lead action styled Harrison vs.

Verizon Wireless LLC, No. 3:03cv873 (RNC) (Docket Entry No. 60).[1]  Pursuant to Fed. R. Civ.

Pro. 37(a) and D. Conn. L. Civ. R. 37(a), FMCC, through its undersigned counsel, submits this

Memorandum of Law.

On October 10, 2003, FMCC served Defendant's First Request for Production, a copy of

which is attached hereto as "Exhibit A."  Request No. 31 asked Plaintiff John Harrison

---

[1] The Court, Martinez, M. J., has scheduled oral argument on Verizon Wireless' Motion
for August 19, 2004 at 9:30 a.m.  FMCC files this motion now in order to permit it to present its
arguments during this proceeding.  FMCC reserves the right to file additional motions to compel
related to other unresolved discovery issues, at the appropriate time.

("Plaintiff") to "produce all documents concerning any lawsuit that you have commenced against any other parties, including, but not limited to, all documents which you send and receive in discovery in such cases." Plaintiff objected to Request No. 31, asserting: "Objection. This Request seeks information which is part of the public record and can be obtained by FMCC through other means. Further, this Request seeks documents which are protected by the attorney client privilege and/or are attorney work product." Plaintiff produced no documents responsive to this request. A copy of Plaintiff's Response to Defendant's First Request for Production is attached hereto as "Exhibit B."

Upon learning that Plaintiff entered into a written settlement agreement with one of the credit reporting agencies, Equifax Credit Information Services ("Equifax"), in a lawsuit captioned Harrison v. Equifax Credit Information Services, Inc., Civil Action No. 3:03cv872 (AWT) (the "Equifax Action"), the undersigned requested orally to Plaintiff's attorney, Dan Blinn, to be provided with a copy of the agreement. Attorney Blinn declined to produce a copy of the agreement, citing a confidentiality provision.

The settlement agreement clearly falls within Request for Production No. 31. It is not part of the public record, nor it is covered by the attorney client or work product privileges. Plaintiff did not enter an objection to FMCC's Request for Production that would prevent its disclosure.

Moreover, the settlement agreement is relevant. *See* Fed. R. Civ. Pro. 26(b)(1). The Equifax Action asserts, without qualification, that Equifax was the cause of the harm that Mr.

Harrison claims, in this proceeding, that FMCC caused him.  *C.f.* the Complaint in the Equifax

Action, attached hereto as "Exhibit C", *with* the Complaint in this action, attached hereto as

"Exhibit D."  FMCC may raise as a defense the doctrine of judicial estoppel, which "prevents a

party from asserting a factual position in one legal proceeding that is contrary to a position that is

successfully advanced in another proceeding."  Rodal v. Anesthesia Group of Onondaga, P.C.,

369 F.3d 113, 118 (2d Cir. 2004).  FMCC is entitled to discover what factual positions Plaintiff

asserted in the Equifax Action, including any factual positions evidenced by, or in, the written

settlement agreement entered into between Mr. Harrison and Equifax.  Indeed, the agreement

itself constitutes evidence that the position was successfully advanced in the other proceeding,

and may reasonably lead to the discovery of other such evidence.

In accordance with D. Conn. R. Civ. R. 37(a)2, attached hereto as Exhibit E is an affidavit

certifying that FMCC's counsel conferred with Plaintiff's counsel in an effort in good faith to

resolve by agreement the issues raised by the motion without the intervention of the Court, and

has been unable to reach such an agreement.

WHEREFORE, AND for the reasons set forth in the Motion of Verizon Wireless, which

FMCC adopts in its entirety, FMCC respectfully requests the Court to order Plaintiff to produce

all documents responsive to its Request for Production No. 31, including a copy of his settlement

agreement with Equifax.

DEFENDANT,
FORD MOTOR CREDIT COMPANY


By: _____
        David M. Bizar (ct20444)
        Mark M. Porto (ct24271)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0100
        (860) 275-0343 (fax)
        dmbizar@dbh.com
        mmporto@dbh.com
        Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 4th day of August, 2004, by first-class mail to all counsel and pro se parties as follows:

Daniel S. Blinn, Esq.
Matthew T. Theriault, Esq.
Sarah Poriss, Esq.
Consumer Law Group, LLC
2138 Silas Deane Highway  P.O. Box 1039
Rocky Hill, CT  06067-9997

Donald E. Frechette, Esq.
William E. Murray
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103

Christopher E. Kittell, Esq.
Twiford Webster & Gresham
144 Sunflower Avenue
P.O. Drawer 760
Clarksdale, MS  38614

Robert W. Allen, Esq.
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn
205 Church Street, P.O. Box 1936
New Haven, CT  06509-1910

_____

David M. Bizar

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | CASE NO. 303 CV 1291 (DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| FORD MOTOR CREDIT COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | OCTOBER 10, 2003 |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, Ford Motor Credit Company ("FMCC"), hereby requests that Plaintiff, John Harrison ("Harrison"), produce all documents and things requested in the following Request for Production at the offices of Day, Berry & Howard LLP, CityPlace I, 185 Asylum Street, Hartford, Connecticut 06103 within thirty (30) days of the date of service hereof.

## DEFINITIONS

Terms used in this production request will be interpreted according to the definitions provided in Rule 26(c) of the Connecticut Rules of Local Procedure.

## RULES OF CONSTRUCTION

The rules of construction set forth in Rule 26(d) of the Connecticut Rules of Local Procedure shall apply to this Request for Production.

## INSTRUCTIONS

1.   In answering this Request for Production, furnish all information available to you, in your possession, or under your control, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your own personal knowledge.

2.   In answering this Request for Production, furnish all information available to your representatives, divisions, employees, agents, brokers or servants, and all information that is in the possession of or under the control of any of your representatives, divisions, employees, agents, brokers or servants.

3.   If any document requested to be produced was but is no longer in your possession or control, or is no longer in existence, state:

A.    whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise disposed of; and

B.    with respect to each such document and disposition, (a) explain the circumstances surrounding an authorization for such disposition and the approximate date thereof, and (b) state any information available to you which might be helpful in locating originals or copies of the document in question.

4.    If you assert any privilege with respect to any document, with respect to each such document: (a) identify the document, (b) state the basis for the claim of privilege, and (c) describe fully the circumstances of the document's origin.

5.    All documents produced in response to this request shall be produced in whole, not withstanding that portions thereof may contain information not requested.

## DOCUMENT REQUESTS

1.  Please produce all documents identified, referred to or reviewed in responding to the interrogatories submitted herewith.

    **RESPONSE:**


2.  Please produce all documents concerning, supporting, relating to or referring to and/or identified in the allegations in your Amended Complaint.

    **RESPONSE:**


3.  Please produce all documents concerning the allegations in Paragraph 14 of the Factual Allegations part of the Complaint that "FMCC . . . negligently enabled the imposter to open the fraud accounts using Harrison's Social Security number and other personal identifiers."

    **RESPONSE:**


4.  Please produce all documents concerning the allegations in Paragraph 14 of the Factual Allegations part of the Complaint that "FMCC failed to employ reasonable procedures to accurately confirm the identity of the person requesting the extension of credit using

Harrison's identity."

**RESPONSE:**

5.     Please produce all documents concerning the allegations in Paragraph 14 of the Factual

Allegations part of the Complaint that "FMCC negligently enabled the imposter to steal

Harrison's identity and thereby caused Harrison damage."

**RESPONSE:**

6.     Please produce all documents concerning the allegations in Paragraph 17 of the Factual

Allegations part of the Complaint that "[u]pon information and belief, the CRAs

requested verification of the validity of the fraud accounts from FMCC in response to

Harrison's dispute."

**RESPONSE:**

7.     Please produce all documents concerning the allegations in Paragraph 18 of the Factual

Allegations part of the Complaint that "[d]espite Harrison's dispute of the fraud accounts,

FMCC continued to report information relating to one or both of the fraud accounts to the

CRAs, attributing the accounts to Harrison, and which information appeared in his credit

reports."

**RESPONSE:**

8.      Please produce all documents concerning the allegations in Paragraph 23 of the Factual

Allegations part of the Complaint that "[D]espite Harrison's disputes and FMCC's

knowledge of the fraudulent nature of the fraud accounts, FMCC continued to publish

information relating to the accounts to third parties and has failed to remove the accounts

from Harrison's credit reports with Experian, Trans Union and Equifax throughout 2002."

**RESPONSE:**

9.      Please produce all documents concerning the allegations in Paragraph 27 of the First

Cause of Action of the Complaint that FMCC "fail[ed] to review all relevant information

provided to it by Harrison and . . . fail[ed] to properly investigate Harrison's disputes

when requested to do so by the CRAs."

**RESPONSE:**

10.     Please produce all documents concerning the allegations in Paragraph 40 of the Third

Cause of Action of the Complaint that "FMCC's conduct caused Harrison to suffer

emotional distress, embarrassment, shame, stress, worry, humiliation and anxiety. . . ."

**RESPONSE:**

11.    Please produce all documents concerning the allegations in Paragraph 41 of the Third

Cause of Action of the Complaint that "[u]pon information and belief, Harrison's

emotional distress caused him to lose his job", including but not limited to all documents

concerning the basis of the termination of your employment.

**RESPONSE:**

12.    Please produce all documents concerning the allegations in Paragraph 42 of the Third

Cause of Action of the Complaint that "FMCC's conduct was willful, wanton, malicious

and outrageous in its failure to comply with the laws regulating the consumer reporting

industry.  Had it complied with these laws, it could have reduced or prevented Harrison's

emotional distress."

**RESPONSE:**

13.    Please produce all documents concerning the allegations in Paragraph 46 of the Fourth

Cause of Action of the Complaint that "[FMCC] refused to make a reasonable effort to

determine the validity of the consumer debtor disputes. . . . falsely represented the legal

status of the debt . . . and . . . communicated credit information which it knew to be false and which was disputed regarding the FMCC fraud accounts to credit reporting agencies. . . ."

**RESPONSE:**

14.   Please produce all documents concerning the allegations in Paragraph 47 of the Fourth Cause of Action of the Complaint that "FMCC's assignment of one of the fraud accounts to a collection agency months after Harrison's dispute of the accounts constitutes a further unfair and deceptive act."

**RESPONSE:**

15.   Please produce all documents concerning the allegations in Paragraph 50 of the Fourth Cause of Action of the Complaint that "[t]he frequency and consistency of this illegal conduct is such that FMCC's actions constitute an unfair business practice."

**RESPONSE:**

16.   Please produce all documents containing, referencing or memorializing communications between you, or any representative of you, and any representative of FMCC concerning the allegations, circumstances, subject matter or facts alleged in the Complaint.

**RESPONSE:**

17.    Please produce all documents containing, referencing or memorializing communication

between you, or any representative of you, and any credit reporting agency concerning

the allegations, circumstances, subject matter or facts alleged in the Complaint.

**RESPONSE:**


18.    Please produce all documents concerning the use by any person other than you, including

but not limited to the "imposter," of your identity, personal information, or identifiers

without your consent.

**RESPONSE:**


19.    Please produce all medical, clinical, psychological, and psychiatric records concerning

you from August 1999 forward.

**RESPONSE:**


20.    Please produce all medical, clinical, psychological and psychiatric records concerning

your alleged emotional distress, embarrassment, shame, worry, humiliation, anxiety, or

stress, from August 1999 forward.

**RESPONSE:**

21.    Please produce copies of all prescriptions for medicines which you have taken or been

prescribed from August 1999 forward.

**RESPONSE:**

22.    Please produce all documents which concern or support your alleged damages.

**RESPONSE:**

23.    Please produce all documents concerning your credit reports or histories, including but

not limited to copies of any credit reports or histories in your possession or subject to

your control.

**RESPONSE:**

24.    Please produce all documents or financial records concerning any income, including

unemployment compensation benefits and income records from employment or self-

employment from 1999 to the present, including, but not limited to, all income tax

returns, W-2 forms, 1099 forms and all state and federal income tax returns including

other documents enclosed therewith, that you have filed with the Internal Revenue

Service, whether individual or joint returns.

**RESPONSE:**

25.    Please produce all documents concerning Bank One, USAA Federal Savings Bank, Chase

Manhattan Bank, or any other financial institution or lender's decisions to extend or to

deny credit to you since 1999.

**RESPONSE:**

26.    Please produce all documents concerning your efforts to find employment after your

alleged termination  including, but not limited to, any resumes that you prepared or that

were prepared on your behalf by someone else, any letters that you sent or received

concerning employment or potential  employment, any offers of employment that you

received, any employment that you accepted, and any self-employment that you engaged

in.

**RESPONSE:**

27.    Please produce all documents, including, but not limited to, notes, diaries, journals, calendars, e-mails and correspondence concerning or referring to the theft of your identity.

**RESPONSE:**

28.    Please produce an authorization to Day, Berry & Howard, or its representative, executed by you in a form acceptable to the custodian, permitting the opportunity to inspect and copy your employment records from 1999 to the present.

**RESPONSE:**

29.    Please produce an authorization to Day, Berry & Howard, or its representative, executed by you in a form acceptable to the custodian, permitting the opportunity to inspect and copy your medical, clinical, psychiatric, and psychological records from 1999 to the present.

**RESPONSE:**

30.    Please produce an authorization to Day, Berry & Howard, or its representative, executed by you in a form acceptable to the custodian, permitting the opportunity to inspect and copy your credit histories with Experian, Trans Union and Equifax.

**RESPONSE:**

31.    Please produce all documents concerning any lawsuit that you have commenced against

any other parties, including, but not limited to, all documents which you send and receive

in discovery in such cases.

**RESPONSE:**

DEFENDANT,
FORD MOTOR CREDIT COMPANY

By:    _____
David M. Bizar (ct20444)
Mark M. Porto (ct24271)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
dmbizar@dbh.com
mmporto@dbh.com
Its Attorney

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 10th day of October, 2003, by regular, first class mail to all counsel and pro se parties as follows:

Daniel S. Blinn
Matthew T. Theriault
Sarah Poriss
Consumer Law Group, LLC
2138 Silas Deane Highway  P.O. Box 1039
Rocky Hill, CT  06067-9997

Christopher E. Kittell
Twiford Webster & Gresham
144 Sunflower Avenue
P.O. Drawer 760
Clarksdale, MS  38614

_____
Mark M. Porto

-14-

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN HARRISON,** | ) | **CASE NUMBER:** |
| **Plaintiff** | ) | 3:03CV0873(RNC) |
| **v.** | ) | |
| | ) | **RESPONSE TO DEFENDANT'S** |
| | ) | **REQUESTS FOR PRODUCTION** |
| | ) | |
| **FORD MOTOR CREDIT COMPANY** | ) | |
| <u>Defendant</u> | ) | November 12, 2003 |

### RESPONSE TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION

COMES NOW, the Plaintiff John Harrison, by counsel, and responds to Ford Motor Credit Company's First Set of Requests for Production as follows:

1.    Please produce all documents identified, referred to or reviewed in responding to the interrogatories submitted herewith.

**RESPONSE:**

Please see the documents produced herewith.

2.    Please produce all documents concerning, supporting, relating to or referring to and/or identified in the allegations in your Amended Complaint.

**RESPONSE:**

Please see documents bates numbered Harrison 000026 - 000028, 000035 - 000043, 000045 - 000123, 000129 - 000238, 000278 - 000282, 000284 - 000285, 000352, 000354, 000356 - 000357, 000360 - 000362, 000364 - 000403, 000405 - 000444, 000463, 000467 - 000482, 000526 - 000527, 000598 - 000685, 000722 - 000767, 000789 - 000884, 000928 - 000937, 000957 - 000967, 001023 - 001064, 001260 - 001263, 001280 - 001282, 001286, 001294 - 001298, 001303 - 001304, 001327 -

001330, 001467 - 001472, 001484 - 001485, 001507 - 001572, 001619 - 001640, 001648 - 001659, 001667 - 001677, 001692 - 001713, 001722 - 001731, 001747 - 001766, 001774 - 001782, and 001939 - 002079.  These documents are produced herewith on computer CD in ".max" format.  A ".max" viewer computer program is included on the CD to allow viewing and printing of the documents.

3.     Please produce all documents concerning the allegations in Paragraph 14 of the Factual Allegations part of the Complaint that "FMCC . . . negligently enabled the imposter to open the fraud accounts using Harrison's Social Security number and other personal identifiers."

**RESPONSE:**

Please see the documents produced herewith.

4.     Please produce all documents concerning the allegations in Paragraph 14 of the Factual Allegations part of the Complaint that "FMCC failed to employ reasonable procedures to accurately confirm the identity of the person requesting the extension of credit using Harrison's identity."

**RESPONSE:**

Please see the documents produced herewith.

5.     Please produce all documents concerning the allegations in Paragraph 14 of the Factual Allegations part of the Complaint that "FMCC negligently enabled the imposter to steal Harrison's identity and thereby caused Harrison damage."

**RESPONSE:**

Please see the documents produced herewith.

6.     Please produce all documents concerning the allegations in Paragraph 17 of the Factual Allegations part of the Complaint that "[u]pon information and belief the CRAs requested

verification of the validity of the fraud accounts from FMCC in response to Harrison's dispute."

**RESPONSE:**

Please see the documents produced herewith.

7.    Please produce all documents concerning the allegations in Paragraph 18 of the Factual Allegations part of the Complaint that "[d]espite Harrison's dispute of the fraud accounts, FMCC continued to report information relating to one or both of the fraud accounts to the CRAs, attributing the accounts to Harrison, and which information appeared in his credit reports."

**RESPONSE:**

Please see the documents produced herewith.

8.    Please produce all documents concerning the allegations in Paragraph 23 of the Factual Allegations part of the Complaint that "[D]espite Harrison's disputes and FMCC's knowledge of the fraudulent nature of the fraud accounts, FMCC continued to publish information relating to the accounts to third parties and has failed to remove the accounts from Harrison's credit reports with Experian, Trans Union and Equifax throughout 2002."

**RESPONSE:**

Please see the documents produced herewith.

9.    Please produce all documents concerning the allegations in Paragraph 27 of the First Cause of Action of the Complaint that FMCC "fail[ed] to review all relevant information provided to it by Harrison and . . . fail[ed] to properly investigate Harrison's disputes when requested to do so by the CRAs."

**RESPONSE:**

Please see the documents produced herewith.

10.  Please produce all documents concerning the allegations in Paragraph 40 of the Third Cause of Action of the Complaint that "FMCC's conduct caused Harrison to suffer emotional distress, embarrassment, shame, stress, worry, humiliation and anxiety . . . ."

**RESPONSE:**

Please see the documents produced herewith.

11.  Please produce all documents concerning the allegations in Paragraph 41 of the Third Cause of Action of the Complaint that "[u]pon information and belier Harrison's emotional distress caused him to lose his job", including but not limited to all documents concerning the basis of the termination of your employment.

**RESPONSE:**

Please see the documents produced herewith.

12.  Please produce all documents concerning the allegations in Paragraph 42 of the Third Cause of Action of the Complaint that "FMCC's conduct was willful, wanton, malicious and outrageous in its failure to comply with the laws regulating the consumer reporting industry. Had it complied with these laws, it could have reduced or prevented Harrison's emotional distress."

**RESPONSE:**

Please see the documents produced herewith.

13.  Please produce all documents concerning the allegations in Paragraph 46 of the Fourth Cause of Action of the Complaint that "[FMCC] refused to make a reasonable effort to determine the validity of the consumer debtor disputes. . . . falsely represented the legal status of the debt . . . and . . . communicated credit infonnation which it knew to be false and which was