40. Pursuant to 15 U.S.C. § 1681g, Equifax has a duty to provide to consumers such as Harrison a copy of their credit reports upon his request.

41. Pursuant to 15 U.S.C. § 1681i, Equifax has a duty to perform a reasonable investigation of consumer disputes of inaccurate information contained in credit reports, including reviewing and considering information provided to it by the consumer that relates to the disputed information, and providing this information to any furnisher of credit information.

41. Equifax willfully and/or negligently violated the FCRA.  Its actions include but are not limited to the following:

    a.  it failed, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning Harrison, in violation of FCRA § 1681e;

    b.  it failed to provide Harrison a copy of his credit report upon his request, in violation of § 1681g;

    c.  it failed to conduct a reasonable reinvestigation of the disputed information when notified by Harrison of the fraud accounts, in violation of FCRA § 1681i(a)(1);

    d.  it failed to delete inaccurate information from Harrison's credit report after conducting a reinvestigation , in violation of FCRA § 1681i(a)(1) and (5);

    e.  it failed to provide the furnishers of information regarding the fraud accounts the information Harrison provided to it, in violation of FCRA § 1681i(a)(2);

    f.  it failed to report to Harrison the results of its reinvestigation of his dispute, in violation of FCRA § 1681i(a)(6);

    g.  it failed to provide Harrison an updated credit report subsequent to its reinvestigation, in violation of FCRA § 1681i(a)(6); and,

    h.  it failed to note Harrison's dispute of the fraud accounts in credit reports produced subsequent to Harrison's disputes, in violation of FCRA § 1681i(c).

42. Equifax's actions, omissions and noncompliance with the law are evidence of its recklessness, gross negligence, and wanton disregard for Harrison's rights, personal and financial safety, credit reputation, and good name, as well as his emotional well-being.

43. For its willful violations of the FCRA as described above, Equifax is liable to Harrison for his actual damages, attorneys' fees, costs and punitive damages pursuant to § 1681n.

44. For its negligent violations of the FCRA as described above, Equifax is liable to Harrison for his actual damages, attorneys' fees and costs pursuant to § 1681o.

7

## SECOND CAUSE OF ACTION
### Defamation

45. Paragraphs 1-36 are herein incorporated.

46. Equifax willfully and/or maliciously published consumer information in a consumer report about Harrison which it knew or should have known was erroneous and fraudulent, which harmed his reputation as to his creditworthiness.

47. A potential creditor, USAA Federal Savings Bank, and existing creditors, Citibank and MBNA, used this information in their decisions to grant or deny credit to Harrison.

48. USAA Federal Savings Bank, Citibank and MBNA, based on the inaccurate information published by Equifax, denied Harrison credit.

49. Equifax's publication of the inaccurate information regarding Harrison constitutes libel *per quod*, and is liable to Harrison for his damages.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

50. Paragraphs 1-36 are herein incorporated.

51. Equifax knew, or reasonably should have known, that its conduct would likely cause emotional distress to Harrison and that distress, if caused, would likely result in illness or bodily harm.

52. Equifax's conduct did cause Harrison to suffer emotional distress, embarrassment, shame, stress, worry, humiliation and anxiety, which stress was caused by Equifax's failure to cooperate with his efforts to clear the fraud accounts from his credit history and failure to comply with the laws regulating consumer reporting agencies, and Harrison's subsequent inability to obtain credit.

53. Upon information and belief, Harrison's emotional distress caused him to lose his job.

54. Equifax's conduct was willful and wanton in that it failed to comply with laws regulating the consumer reporting industry. Had it complied with these laws, it could have reduced or prevented Harrison's emotional distress.

## FOURTH CAUSE OF ACTION
### Violations of Conn. Gen. Stat. §§ 42-110a *et seq.*

55. Paragraphs 1-54 are herein incorporated.

56. Equifax is a credit rating agency as that term is defined by Conn. Gen. Stat. § 36a-695, which regulates consumer credit reports.

57. Equifax, as a credit rating agency, is under an obligation to comply with Conn. Gen. Stat. § 36a-695 *et seq.*

58. Equifax failed to comply with Conn. Gen. Stat. § 36a-695 *et seq.* Its actions include but are not limited to the following:

   a. it failed to disclose to Harrison the contents of its credit file after he requested it do so, in violation of Conn. Gen. Stat. § 36a-696(b);

   b. it failed to conduct a reinvestigation of Harrison's disputes pursuant to Conn. Gen. Stat. § 36a-699b(a); and,

   c. it failed to maintain reasonable procedures to assure maximum possible accuracy of information contained in Harrison's credit file, in violation of Conn. Gen. Stat. § 36a-699c.

59. Equifax's acts of defamation and violations of State and Federal credit reporting laws as aforedescribed were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers, in particular, Harrison.

60. The frequency and consistency of this illegal conduct is such that Equifax's actions constitute an unfair business practice.

61. Equifax's acts constitute unfair and deceptive acts and practices for which Harrison has suffered an ascertainable loss, which loss includes, but is not limited to, loss of creditworthiness in the amount of debt Equifax continues to report Harrison owes, and the amount of credit he was entitled to under the legitimate accounts he held. Equifax is liable to Harrison for that loss as well as, in the discretion of the Court, punitive damages and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff seeks the following:

Recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; costs and attorney fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, JOHN HARRISON

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Sarah Poriss, Fed. Bar No. ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
2138 Silas Deane Highway   P.O. Box 1039
Rocky Hill, CT  06067-9997
Tel. (860) 571-0408  Fax. (860) 571-7457

- and -
Christopher E. Kittell, Esquire
Twiford Webster & Gresham
P.O. Drawer 760
Clarksdale, MS  38614
Tel.: (662) 624-5408  Fax: (662) 627-5530

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, **Plaintiff** | ) ) ) | CASE NUMBER: |
| v. | ) ) | COMPLAINT – JURY TRIAL DEMANDED |
| FORD MOTOR CREDIT COMPANY, **Defendant** | ) ) ) | July 25, 2003 |

303CV1291 DJS

## I. INTRODUCTION

1. This is a suit brought by a consumer, John Harrison ("Harrison"), who has been victimized by Defendant, Ford Motor Credit Company ("FMCC"). This action is for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and also includes pendant state law claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, defamation and intentional infliction of emotional distress.

2. This case is about John Harrison's good name and excellent credit reputation which were ruined by FMCC's egregious actions. When reported accurately, Harrison's credit history is flawless. Harrison has always paid his bills on time and in full. However, Harrison's credit history and reputation are ruined due to the willful and malicious defamatory acts and the negligence of FMCC, as well as FMCC's violations of the FCRA and CUTPA.

## II. PARTIES

3. Plaintiff John Harrison is a natural person residing in Rocky Hill, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant FMCC is a foreign corporation registered to do business in the State of Connecticut.

5. FMCC is a furnisher of information to consumer reporting agencies as contemplated

by the FCRA, 15 U.S.C. § 1681s-2, and a creditor as that term is defined by the Creditors'

Collection Practices Act (CCPA), Conn. Gen. Stat. § 36a-645(3).

### III. JURISDICTION

6.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331

and 1337, and Fed. R. Civ. P. 18(a).

7.   This court has jurisdiction over the defendant because it regularly conducts business

in this state.

8.   Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the

violations that are the subject of this litigation occurred within this State.

### IV. FACTUAL ALLEGATIONS

9.   Paragraphs 1-8 are herein incorporated.

10. In or about August, 2001, without Harrison's knowledge or authority, an impostor

submitted fraudulent applications for credit to FMCC using Harrison's identity, including his

Social Security number and other personal identifiers.

11. Upon information and belief, the impostor filled out standard FMCC applications

listing Harrison's name, Social Security number and other credit and personal identifiers.

12. Based upon the fraudulent applications, FMCC created account number

WCA236P12Y and financed the impostor's purchase of a new Dodge truck in the approximate

amount of $33,546.00, and created account number BLA152H537 and financed the imposter's

purchase of a new Ford Expedition in the amount of $51,616.

13. Harrison never applied for account numbers WCA236P12Y or BLA152H537 (the

"fraud accounts") with FMCC.  Harrison has never consented to the impostor or any other person

making applications for credit with FMCC in his name and/or his identity and/or using his Social

2

Security number or other personal identifiers.

14. FMCC has a duty to employ reasonable procedures to prevent persons such as the impostor from obtaining accounts using the name or personal identifiers of another. FMCC breached this duty when it negligently enabled the impostor to open the fraud accounts using Harrison's Social Security number and other personal identifiers. FMCC failed to employ reasonable procedures to accurately confirm the identity of the person requesting the extension of credit using Harrison's identity. FMCC negligently enabled the impostor to steal Harrison's identity and thereby caused Harrison damage.

15. Upon discovery of the existence of the fraud accounts, in or about November and December, 2001, Harrison disputed them with FMCC.

16. In addition, Harrison also disputed the accounts with the three major credit reporting agencies, Equifax, Experian and Trans Union (the "CRAs").

17. Upon information and belief, the CRAs requested verification of the validity of the fraud accounts from FMCC in response to Harrison's dispute.

18. Despite Harrison's dispute of the fraud accounts, FMCC continued to report information relating to one or both of the fraud accounts to the CRAs, attributing the accounts to Harrison, and which information appeared in his credit reports.

19. On May 28, 2002, Chase Manhattan Bank denied Harrison's credit application based in substantial part on the fraud accounts appearing on Harrison's Trans Union credit report.

20. On June 4, 2002, Bank One denied Harrison's credit application as a result of the fraud accounts appearing on his Trans Union credit report.

21. On July 12, 2002, Harrison was again denied credit as a result of information on his credit reports relating to the fraud accounts, this time by USAA Federal Savings Bank.

22. On January 23, 2003, Citibank closed Harrison's legitimate revolving credit card account based upon derogatory information relating to the fraud accounts appearing on Harrison's Equifax credit report.

23. Despite Harrison's disputes and FMCC's knowledge of the fraudulent nature of the fraud accounts, FMCC continued to publish information relating to the accounts to third parties and has failed to remove the accounts from Harrison's credit reports with Experian, Trans Union and Equifax throughout 2002.

24. Upon information and belief, information relating to the fraud accounts still appears on Harrison's credit reports and is still being published to the credit bureaus by FMCC.

**FIRST CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.***

24. Paragraphs 1-23 are herein incorporated.

25. FMCC is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

26. Pursuant to FCRA § 1681s-2(b), FMCC has a duty to perform a reasonable investigation in response to consumer disputes, such as those Harrison filed with the CRAs.

27. FMCC violated FCRA § 1681s-2(b) by failing to review all relevant information provided to it by Harrison and by failing to properly investigate Harrison's disputes when requested to do so by the CRAs.

28. FMCC's failure to correct the disputed information and its continued reports to third parties attributing the fraud accounts to Harrison constitute willful and/or negligent violations of FCRA § 1681s-2(b).

29. As a result of FMCC's failure to correct the disputed information, Harrison was denied credit.

30. For its willful violations of the FCRA, FMCC is liable to Harrison for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

31. For its negligent violations of the FCRA, FMCC is liable to Harrison for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## SECOND CAUSE OF ACTION
### Defamation

32. Paragraphs 1-23 are herein incorporated.

33. FMCC maliciously defamed Harrison by publishing the FMCC fraud accounts to consumer reporting agencies for inclusion on Harrison's credit reports.  FMCC knew or should have known the information was erroneous and fraudulent and that the consumer reporting agencies would publish this information in their reports on Harrison.

34. FMCC furnished the information regarding the fraud accounts to consumer reporting agencies, and continued to do so, even after Harrison requested that it cease doing so, evidencing malicious intent.

35. Potential creditors, Bank One, USAA Federal Savings Bank and Chase Manhattan Bank, and current creditor Citibank, used the information provided by FMCC to consumer reporting agencies in their decisions whether to grant credit to Harrison or to reduce his credit limit.

36. Bank One, USAA Federal Savings Bank, and Chase Manhattan Bank, based on the inaccurate information provided by FMCC relating to the fraud accounts, denied Harrison credit. Citibank, based on the inaccurate information provided by FMCC relating to the fraud accounts, reduced Harrison's credit limit.

37. FMCC's publication to third parties of the inaccurate information regarding Harrison constitutes libel *per quod*, and is liable to Harrison for his damages.

### THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

38. Paragraphs 1-23 are herein incorporated.

39. FMCC knew, or reasonably should have known, that its conduct would likely cause emotional distress to Harrison and that distress, if caused, would likely result in illness or bodily harm. FMCC's continued reports of information attributing the fraud accounts to Harrison to CRAs was outrageous in that it knew he had been an identity theft victim and that the accounts were not his.

40. FMCC's conduct caused Harrison to suffer emotional distress, embarrassment, shame, stress, worry, humiliation and anxiety, which stress was caused by FMCC's failure to cooperate with his efforts to clear the fraud accounts from his credit history, its failure to comply with the laws regulating creditors' reports to consumer reporting agencies, and Harrison's subsequent inability to obtain credit.

41. Upon information and belief, Harrison's emotional distress caused him to lose his job.

42. FMCC's conduct was willful, wanton, malicious and outrageous in its failure to comply with laws regulating the consumer reporting industry. Had it complied with these laws, it could have reduced or prevented Harrison's emotional distress.

### FOURTH CAUSE OF ACTIONError! Bookmark not defined.
### Violations of Conn. Gen. Stat. §§ 42-110a *et seq.*

43. Paragraphs 1-23 are herein incorporated.

44. FMCC is a creditor as that term is defined by the Creditors Collection Practices Act (CCPA), Conn. Gen. Stat. § 36a-645, *et seq.*

45. FMCC is under an obligation to comply with the CCPA in its attempts to collect amounts allegedly owed on its accounts.

6

46. FMCC violated the CCPA by committing fraudulent, deceptive, harassing, and abusive acts in an attempt to collect a debt, including but not limited to the following:

    a.   it refused to make a reasonable effort to determine the validity of a debt the consumer debtor disputes, in violation of Conn. Agencies Regs. § 36a-647-5(n);

    b.   it falsely represented the legal status of the debt, in violation of Conn. Agencies Regs. § 36a-647-6(a)(1); and

    c.   it communicated credit information which it knew to be false and which was disputed regarding the FMCC fraud accounts to credit reporting agencies, in violation of Conn. Agencies Regs. § 36a-647-6(i).

47. FMCC's continued reporting of the fraud accounts to the CRAs constituted an unfair attempt to collect a debt in violation of the CCPA.

48. In addition, FMCC's acts of defamation and violations of the FCRA as aforedescribed were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers, in particular, Harrison.

49. FMCC's assignment of one of the fraud accounts to a collection agency months after Harrison's dispute of the accounts constitutes a further unfair and deceptive act.

50. The frequency and consistency of this illegal conduct is such that FMCC's actions constitute an unfair business practice.

51. FMCC's acts constitute unfair and deceptive acts and practices for which Harrison has suffered an ascertainable loss, which loss includes, but is not limited to, denials of credit, reduction of his credit limits and loss of creditworthiness in the amount that FMCC claims Harrison owes. FMCC is liable to Harrison for that loss as well as, in the discretion of the Court, punitive damages pursuant to CUTPA, Conn. Gen. Stat. § 42-110g.

7

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; costs and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, JOHN HARRISON

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Sarah Poriss, Fed. Bar No. ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
2138 Silas Deane Highway  P.O. Box 1039
Rocky Hill, CT  06067-9997
Tel. (860) 571-0408  Fax. (860) 571-7457

- and -
Christopher E. Kittell, Esquire
Twiford Webster & Gresham
P.O. Drawer 760
Clarksdale, MS  38614
Tel.: (662) 624-5408   Fax: (662) 627-5530

A TRUE COPY
ATTEST

FRANCIS T. RAGONESE
CT STATE MARSHAL HARTFORD COUNTY

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN HARRISON, | : | CASE NO. 3:03CV1291 (RNC) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| FORD MOTOR CREDIT COMPANY, | : | |
| | : | |
| Defendant. | : | AUGUST 4, 2004 |

### AFFIDAVIT OF DAVID M. BIZAR IN SUPPORT OF MOTION OF FORD MOTOR CREDIT COMPANY TO JOIN VERIZON WIRELESS' MOTION FOR ORDER COMPELLING DISCOVERY

David M. Bizar, being first duly sworn, deposes and says:

1.    I am over the age of 18 and believe in the obligation of an oath.

2.    I am an associate with the law firm of Day, Berry & Howard LLP, counsel to the the Defendant, Ford Motor Credit Company ("FMCC") in the above captioned action.  I submit this affidavit in support of the Motion of Ford Motor Credit Company to Join Verizon Wireless' Motion for Order Compelling Discovery.

3.    I hereby certify in accordance with D. Conn. L. R. 37(a)2 that I have conferred with Plaintiff's counsel, Dan Blinn, in an effort in good faith to resolve by agreement the issues raised by the Motion without the intervention of the Court, and have been unable to reach any agreement.

3.    This concludes my Affidavit.

_____

David M. Bizar
Subscribed and sworn to before me
this 4th day of August, 2004.

_____

Notary Public
Commissioner of the Superior Court
My Commission Expires:

-2-