THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HARRISON | : |
| plaintiff, | : CIVIL ACTION NO.: 3:03 CV 873 (RNC) |
| v. | : |
| VERIZON WIRELESS, LLC et al. | : |
| defendants. | : AUGUST 10, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF NAVY FEDERAL CREDIT UNION'S MOTION TO JOIN VERIZON WIRELESS' MOTION FOR ORDER COMPELLING DISCOVERY**

Pursuant to Fed. R. Civ. P. 37(a) and D. Conn. L. Civ. R. 37(a)(3), defendant Navy Federal Credit Union ("Navy") submits this memorandum in support of its motion to join and adopt Cellco Partnership d/b/a Verizon Wireless' "Motion for Order Compelling Discovery and For Expenses and Sanctions," dated July 27, 2004 (herein "Verizon's Motion for Order"). Co-defendant Ford Motor Credit Company ("Ford") has previously moved to join Verizon's Motion for Order. See Memorandum of Law in Support of Motion of Ford Motor Credit Company to Join Verizon Wireless' Motion for Order Compelling Discovery, August 4, 2004 ("Ford's Motion to Join").

**BACKGROUND**

In September of 2003, Plaintiff filed an action against Navy seeking to recover damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff's Complaint also contained several state law causes of action. Prior to suing Navy, Plaintiff filed lawsuits against Verizon, Ford, Equifax Information Services, LLC[1] ("Equifax") and JBC & Associates, P.C. ("JBC").[2] Plaintiff's complaint in each of these suits was virtually identical to his complaint against Navy.

On or before December 9, 2003, Plaintiff settled with Equifax and his case against Equifax was dismissed. See Harrison v. Equifax Credit Services, Inc., Civ. Action No. 3:03CV782 (AWT), doc. # 20. Upon information and belief, on or before March 15, 2004, Plaintiff settled with JBC and Mr. Harrison's case against JBC was voluntarily withdrawn. See Harrison v. JBC & Associates, P.C., Civ. Action No. 3:03CV1385 (JBA), doc. # 11. On May 20, 2004, the Court consolidated Plaintiff's remaining suits against Navy, Verizon and Ford.

**THE DISCOVERY DISPUTE**

Before the Navy, Verizon and Ford cases were consolidated, both Ford and Verizon issued discovery requests[3] to the Plaintiff seeking, among other things, production of documents

---

[1] The Equifax case was styled Harrison v. Equifax Credit Services, Inc., Civ. Action No. 3:03CV782 (AWT).

[2] The action against JBC was styled Harrison v. JBC & Associates, P.C., Civ. Action No. 3:03CV1385 (JBA). JBC appears to be a law firm and collection agency.

[3] Shortly after Plaintiff filed his complaint against Navy, the case was stayed by agreement to allow the parties to proceed with mediation. Mediation concluded unsuccessfully on July 28, 2004. Consequently, Navy has only recently issued discovery in this matter.

2

relating to other lawsuits filed by Mr. Harrison. Specifically, Verizon requested Plaintiff to produce:

> 1. Copies of any and all documents concerning any agreements, contracts and/or releases by or between you and Equifax Credit Information Services, Inc., including but not limited to any settlement agreements and/or contracts entered into or executed in connection with the action captioned *John Harrison v. Equifax Credit Information Services, Inc.*, Civil Action No. 3:03-cv-00872-CFD, which action is or was pending in the United States District Court of the District of Connecticut[; and]
>
> 2. Copies of any and all documents concerning any agreements, contracts and/or releases by or between you and any other person in connection with any litigation to which you have been a party at any time during the last five years or in connection with any claim you have asserted against another person at any time during the last five years.

Verizon Wireless' Second Set of Requests for Production Propounded to Plaintiff, John Harrison, November 17, 2003 (Requests 1 and 2).

Ford made a similar request, seeking "all documents concerning any lawsuit that you have commenced against any other parties, including, but not limited to, all documents which you send and receive in discovery in such cases." Ford Motor Credit Company's "First Request for Production," dated October 10, 2003 (Request 31) (attached to Ford's Motion to Join as Exhibit A).

Plaintiff objected to Verizon's and Ford's requests and refused to produce responsive documents. Plaintiff cited various reasons for not producing documents relating to settlement, including the attorney client privilege, the work product doctrine, the confidential nature of the settlement agreements and the lack of relevancy to the respective matters. See Verizon's Motion for Order at 6; Ford's Motion to Join at 2. On July 27, 2004, Verizon filed its motion to compel plaintiff to produce documents related to settlement. See Verizon's Motion for Order. Ford

3

moved to join Verizon's motion on August 4, 2004. See Ford's Motion to Join.

On August 9, 2004, Navy propounded its First Set of Interrogatories and Requests for Production of Documents to the Plaintiff ("Navy's First Discovery Request") (attached as Exhibit 1). Navy's First Discovery Request seeks Plaintiff to identify all prior lawsuits and claims associated with his theft of identity and to produce all documents related to the settlement of same. Clearly, these requests cover the Equifax and JBC settlements and require the Plaintiff to provide information and documents regarding the settlement of those cases, including the amounts received from both parties. See Exhibit 1.

Because of the similarity between Navy's First Discovery Request and Verizon's and Ford's requests seeking the same information, Navy anticipates that Plaintiff will make the same or similar objections to its discovery requests. Thus, although Plaintiff has not yet responded or objected to Navy's First Discovery Request, Navy wishes to join Verizon's Motion for Order in order to avoid piecemeal litigation of the same issue. To the extent the Court orders the Plaintiff to produce documents regarding his settlement with Equifax and JBC, Navy requests that such order be applied to Navy's First Request for Production.

Finally, Navy notes that it would be willing to enter into an appropriate confidentiality agreement if the Court deems it necessary to protect the potentially confidential nature of the settlement information.

WHEREFORE, Navy respectfully moves this Court to permit Navy to join Verizon's Motion for Order Compelling Discovery. For the reasons set forth in Verizon's motion, Navy further moves the court to compel the Plaintiff to respond to and produce documents responsive to Navy's First Request for Production.

THE DEFENDANT
NAVY FEDERAL CREDIT UNION

By *[signature]*
Robert W. Allen
Federal Bar No. 04188
Matthew A. Sokol
Federal Bar No. 21268
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510
(203) 784-8200
(203) 789-8069 (fax)
sokol@tylercooper.com

-Its attorneys-

# EXHIBIT 1

FILE COPY

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HARRISON | : |
| plaintiff, | : CIVIL ACTION NO.: 3:03 CV 873 (RNC) |
| v. | : |
| VERIZON WIRELESS SERVICES, LLC et al. | : |
| defendants. | : AUGUST 9, 2004 |

## DEFENDANT NAVY FEDERAL CREDIT UNION'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Navy Federal Credit Union ("Navy") hereby propounds the following Interrogatories and Requests for Production to be answered by the plaintiff in this action under oath within thirty days of the date hereof.

**Instructions**

1.   This discovery request is continuing in nature and Navy requests, pursuant to Fed. R. Civ. P. 26(e), that plaintiff make available by supplementary inspection or production such additional responses or production as may hereinafter be learned, obtained or located with respect to any responsive material in his possession or control which will supplement or modify any response or production called for by the request for production.

2.  To the extent that any of the requests for production require information and/or documents that exist only in recorded, microfilm, video, email, computer-stored or other non-paper form, please identify such information and produce a read-out or hard copy of same and make the media upon which it is stored available for inspection and copying, together with any software required to read same.

**Definitions**

1.  "Credit Bureau" shall have the same meaning as the term "consumer reporting agency," which is defined in 15 U.S.C. § 1681a(f).

2.  "Describe" means to provide a reasonably complete and detailed statement or account of the thing, event or activity regarding which description is requested, including insofar as applicable locations, dates and identities of participants.

3.  "Document" means tangible or electronic writings, drawings, graphs, charts, photographs, and audio or video recordings, including without limitation electronic mail, electronic messaging, spreadsheets, databases, and other data compilations from which responsive information can be obtained, together with any fax cover sheets, return receipt cards, shipping documentation or other similar materials that refer or relate to transmission, shipping or receipt of responsive documents, as well as drafts, markups, revisions and non-identical duplicates thereof.

4.  "Furnisher" shall mean a person or business entity that furnisher consumer information to a credit bureau, the duties of which are set forth in 15 U.S.C. § 1681s-2.

5.  "Identify" when used in reference to a document, means to state its title, author, addressee, date and subject matter, and if applicable, to describe it by category and location.

When used in reference to an individual, corporation, partnership or unincorporated association, "identify" means to state the full name, any aliases or d/b/a names, form (for non-individual entities), job title, current business address and current residence or home office address and phone number, to the extent applicable. When used in reference to an event, "identify" means to describe the event in detail, including the date, location and all persons involved.

6. "Refer or relate" means to refer, relate, constitute, concern, comprise, set forth, describe, disclose, summarize, explain, pertain to or mention, directly or indirectly, in whole or in part.

## INTERROGATORIES

1. Identify each and every lawsuit, claim, demand or grievance you have made against any person or business entity relating to the theft of your identity by Jerry Wayne Phillips, including without limitation any lawsuit, claim or demand made against any creditor, furnisher or credit bureau in connection with your effort to repair your personal credit history.

**RESPONSE:**

2. Describe the nature, status and/or outcome of each lawsuit, claim, demand or grievance identified in response to Interrogatory 1, including without limitation the amount of any settlement and the date that the matter was settled.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

Please produce the following for inspection and copying:

1. Documents that refer or relate to the response to Interrogatory 1. For each lawsuit that is identified, please include all pleadings, motions, discovery requests and responses to discovery associated with same.

2. Documents that refer or relate to the response to Interrogatory 2, including without limitation all releases, settlement agreements, stipulations and/or cancelled checks.

THE DEFENDANT
NAVY FEDERAL CREDIT UNION

By _____
Robert W. Allen
Federal Bar No. 04188
Matthew A. Sokol
Federal Bar No. 21268
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510
(203) 784-8200
(203) 789-8069 (fax)
sokol@tylercooper.com

-Its attorneys-

## CERTIFICATION

This is to certify that on this 9th day of August, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn, Esq.
Matthew T. Theriault, Esq.
Sarah Poriss, Esq.
Consumer Law Group, LLC
2138 Silas Deane Highway P.O. Box 1039
Rocky Hill, CT 06067-9997

Christopher E. Kittell, Esq.
Twiford Webster & Gresham
144 Sunflower Avenue
P. O. Drawer 760
Clarksdale, MS 38614

David Bizar, Esq.
Mark M. Porto, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Donald E. Frechette
William E. Murray
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, Connecticut 06103

_____
Matthew A. Sokol (ct21268)

## CERTIFICATION

This is to certify that on this 10th day of August, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Daniel S. Blinn, Esq.
Matthew T. Theriault, Esq.
Sarah Poriss, Esq.
Consumer Law Group, LLC
2138 Silas Deane Highway P.O. Box 1039
Rocky Hill, CT 06067-9997

Christopher E. Kittell, Esq.
Twiford Webster & Gresham
144 Sunflower Avenue
P. O. Drawer 760
Clarksdale, MS 38614

David Bizar, Esq.
Mark M. Porto, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Donald E. Frechette
William E. Murray
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, Connecticut 06103

_____
Matthew A. Sokol (ct21268)